Civil No. 1:14-cv-1557
Exhibit A to Notice of Removal

SUPERIOR COURT OF THE DISTRICT FO COLUMBIA
CIVIL DIVISION

**FILED**
CIVIL ACTIONS BRANCH
JUL 2 2 2014
Superior Court of the
District of Columbia
Washington, D.C.

DERREK E. ARRINGTON,

    Plaintiff,

vs.

NEIL H. JAFFEE, Esquire,
at 13005 Dunhill Drive, Fairfax, Virginia  22030, PH#(202)492-1936,
  and

FEDERAL PUBLIC DEFENDERS OFFICE,
at the Federal Public Defenders Office, D.C., Suite 550, 625 Indian Ave. N.W.,
as Respondent Superior,                                    Wash. D.C.  20004

    Defendants.

_____/

Case No. 14 - 0 0 0 4 5 5 3

COMPLAINT

DISTRICT OF COLUMBIA CIVIL ACTIONS
OF LEGAL MALPRACTICE AND INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS

VERIFIED COMPLAINT FOR DAMAGES

I. Introduction

1. This is a verified complaint alleging the common law torts of Legal Malpractice and Intentional Infliction of Emotional Distress, filed by Derrek E. Arrington ("Plaintiff"), pro se [*], a federal prisoner whom is currently incarcerated and being held at the United States Penitentiary Canaan in Waymart, Pennsylvania.

2. Plaintiff seeks damages in the amount of $1,500,000.

_____

[*] "[T]he Court must take particular care to construe the plaintiff's filing liberally, for such [filings] are held 'to less stringent standards than formal pleadings drafted by lawyers.'" Cheeks v. Fort Myer Constr. Co., 722 F.Supp. 2d 93, 107 (D.D.C. 2010)(quoting Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.)



Case: 2014 CA 004553 M

## II. Jurisdiction

3.    Jurisdiction of this Court is invoked pursuant to D.C. Code §11-921 (2001).

## III. Parties

4.    Plaintiff was and still is a resident of Washington, D.C.; specifically, plaintiff was a resident of Washington, D.C. during the defendants' representation of the plaintiff; though a prisoner incarcerated in a different state, plaintiff alleges his domicile of operation by law is Washington D.C., in that upon release from prison he plans to return and remain there.

5.    Defendant Neil H. Jaffee, was and "Upon Information and Belief" still a resident of Washington D.C., specifically during the defendant's representation of the plaintiff, and is employed at the: **Federal Public Defenders Office**
**District of Columbia**
**Suite 550**
**625 Indiana Avenue, N.W.**
**Washington, DC  20004**

6.    Respondent Superior Federal Public Defenders Office, as is located and operated out of Washinton, D.C., specifically during Neil Jaffee's "scope of employment" in representing the plaintiff, and is located at: **Federal Public Defenders Office**
**District of Columbia**
**Suite 550**
**625 Indiana Avenue, N.W.**
**Washington, DC  20004**

## IV. Factual Statement

7.    Plaintiff entered into an attorney-client relationship with the defendants, Neil Jaffee and the Federal Public Defenders

- 2 -

Office, in that the defendant Neil Jaffee, through the "scope
of [his] employment" at the Federal Public Defenders Office,
represented the plaintiff on direct appeal of plaintiff's con-
viction after jury trial; petitioner was convicted after a jury
trial in September of 2000 of two counts on a four-count indict-
ment.

8.    On May 18 2001, plaintiff was given a "general sentence"
of 240 months for violations of 18 U.S.C.§111(a) and (b), and
18 U.S.C. §§922(g) and 924(a)(2), and two three-year terms of
supervised release ran consecutively to each other and to the
"general sentence" of 240 months. See **United States v. Arrington**,
Crim. No. 00-00159; **U.S. v. Arrington**, 309 F.3d 40,42 (D.C. Cir.
2002).

9.    A timely notice of appeal was filed, and subsequently,
Neil Jaffee, under the "scope of employment" from the Federal
Public Defenders Office, was appointed to represent the plain-
tiff on his direct appeal.

10.    Plaintiff eagerly participated in the preparation of
his appeal, in that he researched on his own and maintained reg-
ular contact with the defendant, Neil Jaffee, while he was work-
ing in the "scope of [his] employment" at the Federal Public
Defenders Office.

11.    Though a layman in the law, during his research, plain-
tiff stumbled across the "possibilities" that his entire sentence
"may" be erroneous/illegal/contrary to statute and circuit precedent,
and as such, approximately during the beginning of November 2001,
the plaintiff presented the defendant Neil Jaffee with questions
of law concerning the nature of his "general sentence" **and** the

consecutive nature of his supervised release.

12.    In response to the questions of law raised by the plain-
tiff, defendant Neil Jaffee explicitly stated "...concerning
your term of supervised release, I have enclosed a copy of the
D.C. Circuit's opinion in **United States v. Jamison**, 934 F.2d
371 (D.C. 1991), which holds that a term of imprisonment and
of supervised release, added  together, may exceed the maximum
prison term allowed by statute." Id Exhibit "**A**".

13.    Defendant Neil Jaffee further stated "[t]he **Jamison**
decision is controlling in our circuit and our research indicates
the circuits are not divided on this issue." Id Exhibit "**A**".

14.    In defendant's answer to the plaintiff's questions
of law, Neil Jaffee obfuscates his response, in that he doesn't
entirely address the plaintiff's concerns, in that he gives a
blanketing answer which **seems** to address the issue, but upon
further reflection fails to address the specific issues of a
"general sentence" and "consecutive terms of supervised release."

15.    Plaintiff continued and maintained due diligence and
actively participated in his appeal preparation and offered as
much in presenting his concerns of "maximum sentences" and Apprendi
violations, in that a letter written to defendant Neil Jaffee,
**see Exhibit "B"**(Letter from plaintiff to Neil Jaffee dated Dec.
10, 2001), detailed case law and further understanding (on the
plaintiff's part) of "sentencing issue/concerns". **Id Exhibit
"B"**.

16.    Defendant Neil Jaffee failed to address the plaintiff's
concerns in the letter Dated Dec. 10, 2001, stating more than

once that "[t]here are no issues of merit."; subsequently, plain-
tiff's conviciton and sentence was affirmed.

17. Plaintiff asserts that he put his faith and trust in defendant
Neil Jaffee, while he was in the "scope of employment" of the Federal Public
Defenders Office, in his competence, knowledge, and skill, and
so, plaintiff let go of the "sentencing issues" on the words that
there was no merit, until a much later date when he did become
aware that counsel was incorrect and had made monumental errors.

18. In 2009, plaintiff wrot defendant Neil Jaffee, again, concerning
specifically his term of imprisonment as a general sentence (in the erroneous
consecutive nature of it), and his consecutive terms of supervised release,
and the defendant's answer was contrary to Exhibit "A" and "B", **see Exhibit
"C̲"** (hand-written letter from Neil Jaffee to Plaintiff, dated on  or about
2009); in the letter, the defendant acknowledges, **now**, "your consecutive terms
of supervised release appear to violate 18 U.S.C. §3624(e)." Id
**Exhibit "C̲"**; also see **Exhibit "D̲"**(Letter to Chief Judge Lambert
dated October 12, 2011, from the Department of Justice, conceding
"terms of supervised release cannot run consecutively.")


## CLAIMS FOR RELIEF

19. Plaintiff asserts that all claims are against defendant
Neil Jaffee and his employer "The Federal Public Defenders Office"
as Respondent Superior[1].

---

[1]Under the doctrine of Respondent Superior, an employer may be vicariously lia-
ble for the negligent acts of its employee if the employee's actions are with-
in the course and scope of her employment. See **Schecter v. Merchants Home Deliv-
ery, Inc.**, 892 A.2d 415, 427 (D.C. 2006). As a general rule, whether an employee
committed a tort "within the scope of employment" is "a question of fact for the
jury to determine." **Penn Cent. Transp. Co. Reddick**, 398 A.2d 27,31 (D.C. 1979)
(quoting **Great A & P Tea Co. v. Aveilhe**, 116 A.2d 162, 164 (D.C. 1955)). It
can however, become a quesiton of law "when all reasonable triers of fact must
conclude that the servant's act was independent of the master's business and
soley for the servant's personal benifit." **Id. at 32.**

## A. LEGAL MALPRACTICE

To Succeed on a legal malpractice claim, the plaintiff must show that (1) the defendant was employed as the plaintiff's attorney, (2) the defendant breached a reasonable duty, and (3) that breach resulted in and was the proximate cause of, the plaintiff's loss or damages. **Martin v. Ross**, 6 A.3d 860, 862 (D.C. 2010)(quoting **Niosi v. Aiello**, 69 A.2d 57,60 (D.C. 1949).

### (i) The defendant(s) was employed as the plaintiff's attorney

20. Plaintiff alleges that it is uncontrovertible that defendant Neil Jaffee, under the "scope of employment" at the Federal Public Defenders Office, was employed as the plaintiff's attorney. See **U.S. v. Arrington**, 309 F.3d 40 (D.C. Cir. 2002).

21. Plaintiff alleges that it is uncontrovertilbe that defendant, Federal Public Defenders Office, as Respondent Superior, was the employer of Neil Jaffee and responsible for such times and Neil Jaffee's actions as he represented the plaintiff as his attorney.

### (ii) The defendant(s) breached a reasonable duty

"A lawyer shall provide competent representation to a client.  Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation." D.C.R. Prof. Conduct 1.1(a); "A lawyer shall serve a client with skill and care commensurate with that generally afforded to clients by other lawyers in similar matters." D.C.R. Pro. Conduct 1.1(b).

22. Defendant, Neil Jaffee, breached his reasonable duty to the plaintiff, as the appellate attorney for the plaintiff, first and foremost in that he violated multiple District of Columbia Rules of Professional Conduct. Defendant failed to display or use the essential knowledge and skill that is a prerequisite of his profession, especially that which would be afforded to clients by other lawyers in similar matters, in that on appeal, defendant's first duty should of been to examine petitioner's sentence (transcripts, relevant statutes, oral pronouncement, etc...), and should of readily noted:

   a) a "general sentence", in that a sentence was given by oral pronouncement of 240 months to the two counts of conviction, of which the maximum of either count was only 120 months; use of a general sentence is improper, plain error, and remandable on direct review. See U.S. v. Straite, 425 F.2d 594; 138 U.S. App. D.C. 163 (1970);

   b) consecutive terms of supervised release are improper, plain error, and remandable on direct review. See U.S.S.G. Amendment 507 (1994).

Upon subsequent examination and studies, defendant Neil Jaffee should of noted the glaring errors and drafted an argument with the availability of such dispositive grounds, and as such plaintiff would of received such relief from the court as only appropriate.

23. Plaintiff alleges that the defendant, the Federal Public Defenders Office, under the Doctrine of Respondent Superior, as the employer of Neil Jaffee, was responsible for the breach of reasonable duties of such employee, as is alleged and detailed in paragraph 22, as such employee's actions were "within the

course and scope of his employement."

> (iii) The Defendant(s) breach of reasonable
> duties resulted in the proximate cause of
> the plaintiff's loss and damages

24.  Plaintiff alleges that due to defendant's, Neil Jaffee,
failure to note, and argue on appeal, trial court's error in
sentencing, and then to subsequently ward off plaintiff's inquir-
ies to the erroneous sentence, left the plaintiff with the under-
standing that there was no recourse in pursuing the sentencing
issues in following post-conviction motions.

25.  Plaintiff alleges that defendant's breach of reasonable
duties resulted in an appeal which affirmed plaintiff's conviction
and sentence, prompted further failed post-conviction motions,
all of which left the plaintiff no vehicle to address such erroneous
sentence, and as an end result, plaintiff has now served almost
3 years beyond the maximum 120 months he would of been resentenced
to, providing he had adequate, knowledgeable, and skillfull rep-
resentation; either error, if properly addressed--the general
sentence **or** the consecutive terms of supervised release, would
of put the entire sentence back before the Court, in that the
sentence of imprisonment and supervised release attach to each
other.

26.  Plaintiff alleges that the defendant, the Federal Public
Defenders Office, under the Doctrine of Respondent Superior,
as the employer of Neil Jaffee, was responsible for the breach
of reasonable duties that resulted in the proximate cause of
the plaintiff's loss and damages as detailed in paragraphs 24-

25, as such employee's actions were "within the course and scope of his employment."

## B. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

> To establish a claim for intentional infliction of emotional distress in the District of Columbia, a plaintiff must prove that the defendant engaged in (1) extreme and outrageous conduct that (2) intentionally or recklessly caused (3) severe emotional distress to another. <u>Woodner v. Breeden</u>, 665 S.C. 221 (1982)(quoting **Restatement (Second) of Torts** §46 cont. d (1965)).

(i) Defendants engaged in
Extreme and Outrageous Conduct

27.  Plaintiff alleges that for the defendant, Neil Jaffee, to fail to address the erroneous sentencing issues, of which would of unequivocally affected the plaintiff's length of sentence, in that a first-year law student would be schooled to thoroughly examine the sentence for appeal, amounts to intentional oversight, or unqualified representation, both of which amounts to extreme and outrageous conduct "utterly intolerable in a civilized community", especially when one's freedom is in regard; see **Sere v.** **Group Hospitalization, Inc.**, 443 A.2d 33,37 (D.C. 1982) cert denied, 459 U.S. 912, 74 L.Ed2d 176, 103 S.Ct. 221(1982)(quoting **Restatement (Second) of Torts** §46 cont. d (1965)).

28.  Plaintiff alleges that the defendant, the Federal Public Defenders Office, under the Doctrine of Respondent Superior, as the employer of Neil Jaffee, was responsible for the extreme and outrageous conduct of such employee, as is alleged in paragraph 27, as such employee's actions were "within the course and scope of his employment."

- 9 -

### (ii) Defendants intentionally or recklessly conducted themselves

29.   Plaintiff alleges that the defendant, Neil Jaffee, in failing to address the erroneous sentencing issues, especially in light of plaintiff's concerns, and then in contrasting letters to the plaintiff--failing at first to recognise any error, and then years later, when options are limited, to concede the errors-- amounts to intentional and reckless conduct.

30.   Plaintiff alleges that the defendant, Federal Public Defenders Office, under the Doctrine of Respondent Superior, as the employer of Neil Jaffee, was responsible for the intentional and reckless conduct of such employee as detailed in paragraph 29, as such employee's actions were "within the course and scope of his employment."

### (iii) Defendants caused severe emotional distress in another

31.   Plaintiff alleges that the defendant, Neil Jaffee, by and through his extreme and outrageous conduct, intentionally or recklessly caused the plaintiff severe and emotional distress in that the plaintiff has been imprisoned beyond what his corrected sentence would of been, and such loss of freedom, consortium and liberty has emotionally distressed him to no end.

32.   Plaintiff alleges that the defendant, Federal Public Defenders Office, under the Doctrine of Respondent Superior, as the employer of Neil Jaffee, was responsible for the extreme and outrageous conduct, intentionally or recklessly causing the plaintiff severe and emotional distress, as detailed in paragraph

- 10 -

31, as such employee's actions were "within the course and scope of his employment."

## RELIEF REQUESTED

WHEREFORE, plaintiff requests that this Honorable Court Award this plaintiff a combined sum totalling $1,500,000 for damages and loss incurred by and through alleged claims and for any other such relief as it may appear the plaintiff is entitled to.

Respectfully submitted on this _2nd_ day of _JUNE_ , 2014.

_Derrek Ee Arrington_
Derrek Arrington, Pro se
Reg. #23388-016
United States Penitentiary Canaan
P.O. Box 300
Waymart, PA 18472

I declare under the penalty of perjury that the aforementioned is true and correct to the best of my knowledge, §1746.

Executed Om: _JUNE 2nd, 2014_          _Derrek Ee Arrington_
                                        Derrek Arrington

- 11 -

EXHIBIT "A"
EXHIBIT "A"

**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, DC 20004

Telephone (202) 208-7500
FAX (202) 208-7515

A. J. KRAMER
*Federal Public Defender*

## PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

November 29, 2001

Mr. Derrek Arrington
Reg. No. 23388-016
USP Beaumont
P.O. Box 26030
Beaumont, TX 77720

Re:    United States v. Derrek Arrington
       No. 01-3059

Dear Mr. Arrington:

This letter is to advise you that I have filed in the court of appeals a motion to revise the briefing schedule based upon our recent receipt of the transcript of the trial proceedings held on September 18, 2000, and our determination that an additional transcript is necessary for use on appeal (the basis for the request for a revised briefing schedule is set forth more fully in the enclosed copy of the motion that we filed on this date).

In response to the question you raised concerning your term of supervised release, I have enclosed a copy of the D.C. Circuit's opinion in United States v. Jamison, 934 F. 2d 371 (D.C. Cir. 1991), which holds that a term of imprisonment and of supervised release, added together, may exceed the maximum prison term allowed by statute. The Jamison decision is controlling in our circuit and our research indicates that the circuits are not divided on this issue.

We sent all of the transcripts to you about a week ago and I hope that you have received them by now. If not, please contact me. In response to your question concerning the verdict form, the jury returned a general verdict (a copy of the verdict form is enclosed). However, the verdict form indicated that the charge in Count One was assault with a dangerous weapon. Also, the court instructed the jury that use of a dangerous weapon to commit the assault was an essential element of the offense. Therefore, the jury instructions combined with the verdict form establish that by returning a guilty verdict, the jury made the necessary factual findings to support an enhanced sentence under §111(b), in compliance with the rule in Apprendi. I am not aware of any cases that require a special verdict form under these circumstances (a special verdict form could be required under Apprendi where the jury must make particular findings as to drug quantity). Having said this, we are reviewing the jury instruction on the assault charge for other possible errors.

When I have completed my review of all of the transcripts (including the additional transcript that is outstanding), I will advise you of the issues that we intend to raise on appeal.  If you have any questions before you hear back from me, please do not hesitate to contact me.

Sincerely yours,

Neil H. Jaffee
Asst. Federal Public Defender

Enclosures

EXHIBIT "B"

EXHIBIT "B"

EXHIBIT "B"

EXHIBIT "B"

Copy (2)

Mr. Derrek Arrington
# 23388-016
U.S.P. Beaumont
P.O. Box 26030
Beaumont, Tx. 77720

December 10, 2001

Mr. Neil Jaffee
Asst. Public Defender
District of Columbia
Suite 550
625 Indiana Avenue N.W.
Washington, D.C. 20004

     Dear Mr. Jaffee;
Thank you for replying to all of my letters. The purpose of this instant
letter is to communicate with you my belief of certain meritable issues
that I have researched in my trial transcripts.
As you are aware, the prosecution mainly sought to convict me upon counts
2 and 3 in the indictment. And in their efforts they basicly failed to
prove "in my opinion" all of the elements charged in count one.
Below is a list of facts and case law to support my view of certain issues.


     [ 1. Insufficient Evidence to Sustain Count One.]
The indictment charges these primary elements:
The defendant, knowingly, and by means and use of a dangerous weapon,
that is, an automobile, did forcibly assault, resist, oppose, impede,
intimidate and interfere.
18 U.S.C. § 111 is a specific intent crime. Therefore it must be proven
that beyond a reasonable doubt the defendant knowingly and intentionally
used a automobile as a dangerous weapon to forcibly assault, etc.
If you review Officer Yates' testimony at pages 47-49 on direct, and
page 15 on cross; Officer Elliason's testimony pages 75-77, and Officer
Daniels' testimony pages 34-36,48, you will see slight variations but
each witness is consistent on the fact that I used the vehicle to flee.
Yates and Elliason contended that I struggled with Daniels, and Daniels
stated that he grabbed me around the neck and shoulders.
In substance those activities would be consistent with resisting, impeded,
opposing and interferring with the officers official duties.
But those facts do not satisfy § 111(b), use of a dangerous weapon.

1.

As stated by Officer Elliason on page 76:

(lines 9-11)

Officer Daniels grabs the man, and I come around the corner to control him, because what he's doing, he's going to try to escape us in the vehicle.

(lines 18-21)

Q: Are you grabbing him?

A: Yes, Sir. I had my hands on him along with Officer Daniels, because he was trying to get the car back in park because he was trying to escape from us.


I submit that this evidence does prove that I violated § 111(a), but ~~those~~ **DOES** not prove that I knowingly and intentionally used the automobile as a dangerous weapon to forcibly assault the officers.

Officer Daniels stated that he really did not know how he got tangled up in the car as I drove off.

Furtheremore his testimony did not establish any direct evidence that I even knew he was riding along with me as I fled.

Daniels did not state that he yelled stop the car as he "allegedly" hung on. Nor was there evidence that I even saw him. I contend that had I tried to manuveur in a manner to dislodge him n, looked at him to acknowledge he was attached to the vehicle but failed to stop, tried to head on run over a officer then of course the evidence would be that I intentionally used the vehicle as a dangerous weapon to assault.

If you read page 20 of the jury charge you will see that the fifth element was that I voluntarly and deliberately assaulted the officers.

Below is a list of cases that were affirmed because each indivual actually tried to run a officer over in a car or truck.

Potter v. U.S. 691 F.2d 1275 (1982)

U.S. v. Montanaro, 362 F.2d 527 (1966)

U.S. v. Feola, 43 L.Ed. 2d 541

U.S. v. Cunningham, 509 F.2d 961, 963 (D.C. Cir. 1975)


In my opinion my actions as described by Officer Elliason shows my actual specific intent was only to flee arrest and not a specific intent to use

2.

the car as a dangerous  weapon to forcibly assault, etc.

The evidence is insufficient that I used the car intentionally as a dangerous weapon. It could be viewed that my actions constituted reckless endangerment, or even a crime that my conduct created the vehicle's dangerousness, but it can not prove that my mens rea was to intentionally use the car as a dangerous weapon.


[ 2. The Jury Charge Was Inadequate. ]


I seek legal support from U.S. v. Schrader, 10 F.3d 1345 (8th Cir. 1993), which states, "In prosecution for forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with the federal officers engaged in performance of official duties, district court erred in instructing jury that adverb "forcibly" modified only verb "assault", and not other offense-defining verbs in statue; error was not harmless, since defenses raised made element of force crucial issue in case."

In Schrader counsel requested that the jury charge state that the Government must prove beyond a reasonable doubt that the defendant, focibly assaulted, forcibly resisited, forcibly impeded, forcibly intimidated, and forcibly interfered.

The court did not agree and charged the jury with only focibly describing assault.

I contend that the court should have sua sponte instructed the jury with forcibly describing all the verbs in the statue.

The defendants in Schrader admitted that they ran when the officers tried to apprehend them. And one defendant admitted that he pushed his hands down when officers tried to handcuff him.

The court found in it's decision that , although there was some evidence of an assault by each defendant, their actions could much more readily be characterizec as "resisting, opposing, impeding, intimidating, or interfering with" the tribal officers. But with the element of force eliminated, the jury could have believed the defendant's explanation and still have convicted them because they non-forcibly impeded or resisted the tribal officers.


3.

As cited therein Schrader, " Whether a person has opposed the efforts
of federal agents with sufficient force to [violate § 111] can thus be
a troublesome question of degree," U.S. v. Cunningham, 509 F.2d 961,
963 (D.C. Cir. 1975). Defendants contended that their confrontational
conduct was so minimal as to be outside the scope of § 111.

In my trial I testified that I fled arrest but did not struggle with the
officers. And although credibility is a question for the jury the record
shows that the defense did a thorough job of discrediting the officers.
Therefore it is possible that the jury believed my explanation and con-
victed me upon non-forcible conduct on count one.

Please review Page 20 Lines 9-21 of the jury instructions. You will note
that forcible was applied to assault four times, but never to any other
verb in the statue.

And on page 21 of the charge lines 6-13 the courts definition of forcible
is the same as in Schrader.

Also a mitigating factor arises in the fact that the jury sent a note to
the jury requesting further clarification upon their duty to find the
elements. And once again the court only describe assault with forcibly.
See pages 82-95.


[ 3. Improper Vouching.]


During closing arguments the Government repeatedly called officers honest,
truthful and credible. Also the A.U.S.A. insured to the jury that their
integrity was dependable. Pages 30-36, 59-60.
U.S. v. Garza, 608 F.2d 659, 662 (5th Cir. 1979)
U.S. v. Carroll, 26 F.3d 1380, 1387-90 (6th Cir. 1994)
U.S. v. Kerr, 981 F.2d 1050, 1052-54 (9th Cir. 1992)


[ 4. Juror Misconduct.]

In my trial the court instructed the jury not to go to the crime scenes.
But this instruction was disobeyed by at least one and maybe two jurors.
It is my opinion that the court should have more thoroughly screened the
jurors. Instead of the perfunctionary order to disregard the extrinsic
evidence.And then the likewise vague question to the jury "can they
disregard it."

In U.S. v. Seeright, 978 F.2d 842, 849-50 (4th Cir. 1992), no prejudice
was presumed when a juror conducted own investigation of admitted evidence
and reported it to others because juror was dismissed, each juror

4.

questioned, and none tainted by information."

I aver that had those circumstances occured in my case then there would not have been any prejudice. The court should have individually screened the jurors, found out who violated the instructions and dismissed that juror. The reason why I contend this is because it is virtually impossible for a juror to disregard evidence that he has independantly sought out. A person can not just blank out his memory.

          Please seriously review these issues. Now that I have gotten this in the mail I will dig up that case on the sentencing issue. I also have a lead that you may be able to use to find out about this issue that we are disputing.  The Fifth Circuit Case Meshack, 2000. The defendant Meshack also had a son as a codefendant. His name was Terrance Hodges, A.K.A. Gudda. Hodges did not prevail on appeal under Apprendi because his sentence was within the 30 year maximum under 841 (b)(1)(C) for defendants with prior drug convictions. But check this out. Hodges had 27 years of imprisoment and 10 years probation. After his case was affirmed he mysteriously recieved with his opinion a separate form advising him that his probation term was lowered to 3 years. Therfore his possible 37 year if violated terms of judgement has been modified to 30 years to coincide with the Maximum term allowed under subsection (C) of 841. Hodges is here at Beaumont. And it was because of this mysterious judgement modification that prompted the individual whom researched and found a decision that showed that the entire prison term through probation included cannot exceed the statutory maximum. The Government responded just like the case that you provided me but the court ruled infavor of the defendant. Maybe Meshack's docket sheet can show you the changes in Hodges' sentencing factors. Or Hodges Judgement after appeal. Can you find that information on your computer to show you that I am not blowing wind and I will keep digging myself, thanks.

                                        Derek Ec. Arrington

                              5.

EXHIBIT "C"

EXHIBIT "C"

Derrek — I do not believe that you have grounds or a procedural vehicle to challenge your 240-month sentence. The enclosed case supports Judge Robertson's reliance on USSG §5G1.2(d), which required the court to run the sentences consecutively because the guideline range (210-262) was greater than the statutory max. on each count.

On the other hand, your consecutive terms of supervised release appear to violate 18 USC §3624(e). You could file in the district court a motion to correct the error (arguing

that it arose from "oversight" under Federal Rule of Crim. Pro. 36) or once you are released, you could file a motion to modify your supervised release.

I wish you well.

Neil Jaffee

EXHIBIT "D"

EXHIBIT "D"



U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

October 12, 2011

Chief Judge Royce C. Lamberth
United States District Court for
  the District of Columbia
333 Constitution Avenue, N.W.
Room 2010 (Bryant)
Washington, D.C. 20001

   Re: Derrek Arrington, Crim. No.00-159-01

Dear Chief Judge Lamberth:

   On October 5, 2011, your chambers faxed a memorandum from the U.S. Probation Office
in the above-captioned case, in which the Probation Office noted that the defendant had received
consecutive terms of three years' supervised release on the two counts for which he was convicted.
We have reviewed the memorandum, and the relevant case law, and agree with Probation that the
terms of supervised release cannot run consecutively. See, e.g., 18 U.S.C. § 3624(e); United States
v. Danser, 270 F.3d 451, 454 (7th Cir. 2001) ("Like our sister circuits who have dealt with this issue,
we find that Section 3624(e) and the Sentencing Guidelines do no permit sentencing courts to impose
consecutive terms of supervised release.") (citations omitted).

   Accordingly, we do not oppose vacating the current terms of supervised release and running
the terms concurrently, rather than consecutively, nunc pro tunc to May 18, 2011, the date on which
this Court imposed sentence in this case.

                                          Sincerely,

                                          Robert D. Okun
                                          Chief, Special Proceedings Division

cc:    Kathie J. McGill
Senior U.S. Probation Officer
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Derrek E. Arrington
Reg. No. 23386-016
P.O. Box 5300
FCI Victorville Medium I
Adelanto, CA 92301



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Derrek E. Arrington
_____
                                    Plaintiff

vs.                                                              14 - 0 0 0 4 5 5 3

                                                        Case Number _____

Neil H. Jaffee, Attorney
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

   You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

   You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Derrek Arrington, PRO SE
_____
Name of Plaintiff's Attorney
Reg. # 23388-016
P.O. Box 300
_____
Address
Waymart, PA  18472
_____

N/A
_____
Telephone

*Clerk of the Court*

By   _____
                Deputy Clerk

Date   ___07_|_22_|_2014___

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오       የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

   If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                              CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

Demandante

contra

Número de Caso: _____

Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

Por: _____

Subsecretario

Dirección

Fecha _____

Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Dễ có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA.  SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO.  SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Derrek E. Arrington
_____
                                    Plaintiff

vs.                                           Case Number **14 - 0 0 0 4 5 5 3**

Federal Public Defenders Office
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Derrek Arrington, PRO SE
_____          *Clerk of the Court*
Name of Plaintiff's Attorney
Reg. # 23388-016
P.O. Box 300                             By _____
_____                    Deputy Clerk
Address
Waymart, PA  18472

_____          Date   07 | 22 | 2014
N/A/
Telephone

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오.          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                          CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

Demandante

contra

Número de Caso: _____

Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

Por: _____

Dirección

Subsecretario

Fecha _____

Teléfono

如需翻譯,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

**14 - 0 0 0 4 5 5 3**

Derrek E. Arrington

vs

Neil H. Jaffee, et al

Case Number: _____

Date: _____

☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* <br> Derrek Arrington <br> Firm Name: <br> P.O. Box 300, Waymart, PA 18472 <br> Telephone No.:     Six digit Unified Bar No.: | Relationship to Lawsuit <br> ☐ Attorney for Plaintiff <br> ☒ Self (Pro Se) <br> ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☐ 6 Person Jury    ☒ 12 Person Jury
Demand: $ 1,500,000.00     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____    Judge: _____    Calendar #:_____

Case No.:_____    Judge: _____    Calendar#:_____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**A. CONTRACTS**                               **COLLECTION CASES**

☐ 01 Breach of Contract      ☐ 07 Personal Property      ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty      ☐ 09 Real Property-Real Estate      ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument      ☐ 12 Specific Performance      ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 Special Education Fees      ☐ 13 Employment Discrimination      ☐ 18 OVER $25,000 Consent Denied
☐ 10 Mortgage Foreclosure

---

**B. PROPERTY TORTS**

☐ 01 Automobile      ☐ 03 Destruction of Private Property      ☐ 05 Trespass
☐ 02 Conversion      ☐ 04 Property Damage      ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

---

**C. PERSONAL TORTS**

☐ 01 Abuse of Process      ☐ 09 Harassment      ☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 02 Alienation of Affection      ☐ 10 Invasion of Privacy      ☐ 18 Wrongful Death (Not Malpractice)
☐ 03 Assault and Battery      ☐ 11 Libel and Slander      ☐ 19 Wrongful Eviction
☐ 04 Automobile- Personal Injury      ☐ 12 Malicious Interference      ☐ 20 Friendly Suit
☐ 05 Deceit (Misrepresentation)      ☐ 13 Malicious Prosecution      ☐ 21 Asbestos
☐ 06 False Accusation      ☒ 14 Malpractice Legal      ☐ 22 Toxic/Mass Torts
☐ 07 False Arrest      ☐ 15 Malpractice Medical (Including Wrongful Death)      ☐ 23 Tobacco
☐ 08 Fraud      ☐ 16 Negligence- (Not Automobile, Not Malpractice)      ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Jun 13

# Information Sheet, Continued

---

**C. OTHERS**

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 04 Condemnation (Emin. Domain)
☐ 05 Ejectment
☐ 07 Insurance/Subrogation
      Under $25,000 Pltf.
      Grants Consent
☐ 08 Quiet Title
☐ 09 Special Writ/Warrants
      (DC Code § 11-941)

☐ 10 T.R.O./ Injunction
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment
☐ 17 Merit Personnel Act (OEA)
      (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability
☐ 24 Application to Confirm, Modify,
      Vacate Arbitration Award
      (DC Code § 16-4401)

☐ 25 Liens: Tax/Water Consent Granted
☐ 26 Insurance/ Subrogation
      Under $25,000 Consent Denied
☐ 27 Insurance/ Subrogation
      Over $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
      Award (Collection Cases Only)
☐ 29 Merit Personnel Act (OHR)
☐ 30 Liens: Tax/ Water Consent Denied
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower
☐ 34 Insurance/Subrogation
      Over $25,000 Consent Denied

---

**II.**

☐ 03 Change of Name
☐ 06 Foreign Judgment
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
      Certificate

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
      Judgment [ D.C. Code §
      2-1802.03 (h) or 32-1519 (a)]
☐ 20 Master Meter (D.C. Code §
      42-3301, et seq.)

☐ 21 Petition for Subpoena
      [Rule 28-I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a) (1)
      (Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

---

|5| _____
Attorney's Signature

07/22/14 _____
Date

CV-496/Jun 13



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

DERREK E. ARRINGTON
Vs.
NEIL H. JAFFEE Esq

C.A. No.      2014 CA 004553 M

## INITIAL ORDER AND ADDENDUM

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

    (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge HERBERT B DIXON JR
Date:  July 25, 2014
Initial Conference: 9:30 am, Friday, October 31, 2014
Location:   Courtroom 415
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

5855

FILED
CIVIL ACTIONS BRANCH
JUL 2 2 2014
Superior Court
District of Columbia
Washington, D.C.

Form 106A

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### FAMILY COURT and CIVIL DIVISION

Derrek Arrington
_____
Plaintiff/Petitioner

v.                                              Case no: _____

Jaffee et al
_____
Defendant/Respondent

14 - 0 0 0 4 5 5 3

## APPLICATION TO PROCEED WITHOUT PREPAYMENT
## OF COSTS, FEES, OR SECURITY (*In Forma Pauperis*)
### Form 106A

I, _____Derrek Arrington_____ am the (check one)
☒ Plaintiff/Petitioner    ☐ Defendant/Respondent

I need an interpreter for this case.    I speak the following language:
_____ [Insert Language].

I respectfully ask permission to proceed in this case without pre-paying costs or fees and without giving security for them because I am not able to do so without substantial hardship to myself or to my family. In support of this request, I state the following:

Check and answer only those that apply.

## <u>INCOME</u>

1. I receive the following public benefits, and the law presumes that I am eligible to proceed without prepayment of costs, fees, or security (<u>see</u> D.C. Code § 15-712):

☐ Temporary Assistance for Needy Families (TANF)
☐ General Assistance for Children (GAC)
☐ Program on Work, Employment and Responsibility (POWER)
☐ Supplemental Security Income (SSI)



2. Even though I do not receive the above public benefits, I receive the following similar benefits and, therefore, request that my Application be approved:

☐ Interim Disability Assistance (IDA) because my SSI application has not been approved/certified

☐ Medicaid

☐ DC Healthcare Alliance or the following similar health benefits (describe)_____.

If you checked any of the above boxes, you do not need to answer any more questions and may skip to the section called "Declaration." Otherwise, you must answer the rest of the questions on this form.  If additional information is required, you will be notified.

3. My total income over the past 12 months from all sources (including, but not limited to, my job, other wages or business income, rental income, pensions, annuities or life insurance payments, worker's compensation, unemployment compensation or insurance, annual interest or dividends, gifts, alimony or spousal support, inheritance or trust income) is $ _0.00_____.

4. I am presently unemployed.  The last date I worked was on
_____?_____, _2000___.
Month                        Year

## DEPENDENTS

5. How many people live in your household and depend on you for support: ____0____.    Of these people, how many are minor children or elderly? ____0____.

2

Form 106A

## ASSETS

6. I state the following about my property:

I have $ __0.00___ in cash, including money in savings or checking accounts.

I own the vehicles, personal home, other real estate, stock, bonds, or other valuable property, besides household furnishings and clothing, listed below:

N/A

_____

_____

_____.

List the Property

## EXPENSES

7. This is my best estimate of the monthly expenses for myself and the people in my household who depend on me for support:

Housing (rent, mortgage, taxes, & insurance): $ 0.00 _____
Public Transportation and Gasoline: $__0.00____
Automobile Loan, Insurance, Maintenance: $__0.00____
Health (medical, dental, vision, prescriptions, insurance): $_0.00___
Food and other Household Necessities: $__0.00___
Utilities (including gas, electric, water, phone, internet): $__0.00___
Clothing: $_0.00___
Child Support: $_0.00_____
Childcare (including diapers, daycare): $____0.00___
Other (explain in detail): $___0.00_____

**Total Estimated Monthly Expenses**: $____0.00___

## OTHER SPECIAL CIRCUMSTANCES

☐ 8. (Optional) Explain any other special circumstances that you want to have considered in support of your request, including any large monthly expenses, debts, wage or bank account garnishments, and/or judgments.

I am currently incarcerated in Federal Prison, have no source of income and no way in which to pay the court cost.

Form 106A

## DECLARATION

**REQUIRED**:  I solemnly swear or affirm under criminal penalties for the making of a false statement, which includes 180 days in jail or a $1,000 fine or both, that I have read this Application and that the factual statements made in it are true to the best of my personal knowledge, information and belief.[1]

_____
Signature

United States Penitentiary Canaan
Address  P.O. Box 300, Waymart, PA   18472

N/A
Phone Number

July 2, 2014
Date

## POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION TO PROCEED WITHOUT PREPAYMENT OF COSTS, FEES, OR SECURITY

1. D.C. Code § 15-712.
2. D.C. Code § 22-2405.
3. Civil Rule 54-II, Domestic Relations Proceedings Rule 54-II, and Family Rule R.
4. *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331 (1948).
5. *Harris v. Harris*, 137 U.S. App. D.C. 318, 322, 424 F.2d 806 (1970), *cert. denied*, 400 U.S. 826 (1970) ("*in forma pauperis* relief not limited to those who are public charges or absolutely destitute").
6. *Green v. Green*, 562 A.2d 1214 (D.C. 1989) (statute "effectuates the fundamental principle that every litigant should be provided equal access to the courts without regard to financial ability").
7. *Herbin v. Hoeffel*, 727 A.2d 883, 887 (D.C. 1999) (court officers serve process in *in forma pauperis* cases).
8. *Cabillo v. Cabillo*, 317 A.2d 866, 866 (D.C. 1974) (per curiam) (reversing denial of *in forma pauperis* status and mandating granting of petition where litigant's income "only slightly above the welfare standard").

---

[1] When you come to court, you may be asked questions about this Application.  If your responses are not truthful, you could face additional criminal penalties.

Form 106A

FILED
CIVIL ACTIONS BRANCH
JUL 2 2 2014

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### FAMILY COURT and CIVIL DIVISION

Derrek Arrington
Plaintiff/Petitioner

Case No. 14 - 0 0 0 4 5 5 3

v.

Jaffee et. al
Defendant/Respondent

### ORDER

Having considered ☐ Plaintiff/Petitioner's   ☐ Defendant/Respondent's

Application to Proceed without Prepayment of Costs, Fees, or Security, it is

hereby ordered that the Application is:

☐   **GRANTED** in this Family Court case and, pursuant to Domestic

Relations Rule 54-II, witnesses will be subpoenaed without

prepayment of witness fees;

☒   **GRANTED** in this Civil Division case and, pursuant to Civil Rule 54-II,

the officers of the Court will issue and serve all process; witnesses will

be subpoenaed without prepayment of witness fees;

☐   **DENIED**

☐   For the following reasons: _____

_____

☐   For the reasons stated on the record in open court and in the

presence of the applicant or his or her counsel;

_____7/22/14_____          _____Belden_____
Date                       Judge



Form CA 1-A: Notice and Acknowledge for Service by Mail

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Derrek E. Arrington
_____
*Plaintiff(s)*

v.

Neil H. Jaffee Esq., et al.
_____
*Defendant(s)*

Case No: __2014  CA  4553  M__

## NOTICE

To (insert name and address of the party to be served):
Neil H. Jaffee, Esquire
_____
13005 Dunhill Drive
_____
Fairfax, VA  22030
_____
_____

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 7/25/2014                .

_Adrienne J. Marsh_                              _7/25/2014_
*Signature*                                       *Date of Signature*

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____    _____    _____
*Signature*                       *Relationship to Defendant/Authority*    *Date of Signature*
                                  *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828        如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction

Để có một bài dịch, hãy gọi (202) 879-4828        ᐱᐱᐱᐱ ᐱᐱᐱᐱ ᐱᐱᐱᐱᐱ (202) 879-4828 ᐱᐱᐱᐱ        번역을 원하시면, (202) 879-4828 로 전화주십시요





# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DERREK E. ARRINGTON
   Vs.                                       C.A. No.     2014 CA 004553 M
NEIL H. JAFFEE Esq

## INITIAL ORDER AND ADDENDUM

     Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

     (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

     (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order.  As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

     (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

     (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

     (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

     (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order.   Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                        Chief Judge Lee F. Satterfield

Case Assigned to:  Judge HERBERT B DIXON JR
Date:  July 25, 2014
Initial Conference: 9:30 am, Friday, October 31, 2014
Location:  Courtroom 415
              500 Indiana Avenue N.W.
              WASHINGTON, DC  20001                        Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____

                                            Demandante

              contra

                                            Número de Caso: _____

_____

                                            Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                            *SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

                                            Por: _____

Dirección                                                      Subsecretario

Teléfono                                            Fecha _____

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

SUPERIOR COURT OF THE DISTRICT FO COLUMBIA
CIVIL DIVISION

DERREK E. ARRINGTON,

    Plaintiff,

vs.

NEIL H. JAFFEE, Esquire,
at 13005 Dunhill Drive, Fairfax, Virginia 22030, PH#(202)492-1936,
and

FEDERAL PUBLIC DEFENDERS OFFICE,
at the Federal Public Defenders Office, D.C., Suite 550, 625 Indian Ave. N.W.,
as Respondent Superior,                                    Wash. D.C. 20004

    Defendants.

_____/

**RECEIVED**
Civil Clerk's Office
**JUL 2 2 2014**
Superior Court of the
District of Columbia
Washington, D.C.

14 - 0 0 0 4 5 5 3

Case No. _____

COMPLAINT

DISTRICT OF COLUMBIA CIVIL ACTIONS
OF LEGAL MALPRACTICE AND INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS

VERIFIED COMPLAINT FOR DAMAGES

I. Introduction

1.   This is a verified complaint alleging the common law torts of Legal Malpractice and Intentional Infliction of Emotional Distress, filed by Derrek E. Arrington ("Plaintiff"), pro se[*], a federal prisoner whom is currently incarcerated and being held at the United States Penitentiary Canaan in Waymart, Pennsylvania.

2.   Plaintiff seeks damages in the amount of $1,500,000.

---

[*]"[T]he Court must take particular care to construe the plaintiff's filing liberally, for such [filings] are held 'to less stringent standards than formal pleadings drafted by lawyers.'" Cheeks v. Fort Myer Constr. Co., 722 F.Supp. 2d 93, 107 (D.D.C. 2010)(quoting Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.)

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Derrek E. Arrington
_____
Plaintiff

vs.                                                    Case Number _____

Neil H. Jaffee, Attorney
_____
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Derrek Arrington, PRO SE
_____
Name of Plaintiff's Attorney
Reg. # 23388-016
P.O. Box 300
_____
Address
Waymart, PA  18472
_____
N/A
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date   07  22  2014

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화하십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                    CASUM.doc

## II. Jurisdiction

3.   Jurisdiction of this Court is invoked pursuant to D.C.
Code §11-921 (2001).

## III. Parties

4.   Plaintiff was and still is a resident of Washington,
D.C.; specifically, plaintiff was a resident of Washington, D.C.
during the defendants' representation of the plaintiff; though
a prisoner incarcerated in a different state, plaintiff alleges
his domicile of operation by law is Washington D.C., in that
upon release from prison he plans to return and remain there.

5.   Defendant Neil H. Jaffee, was and "Upon Information
and Belief" still a resident of Washington D.C., specifically
during the defendant's representation of the plaintiff, and is
employed at the: **Federal Public Defenders Office**
                 **District of Columbia**
                 **Suite 550**
                 **625 Indiana Avenue, N.W.**
                 **Washington, DC   20004**

6.   Respondent Superior Federal Public Defenders Office,
as is located and operated out of Washinton, D.C., specifically
during Neil Jaffee's "scope of employment" in representing the
plaintiff, and is located at: **Federal Public Defenders Office**
                              **District of Columbia**
                              **Suite 550**
                              **625 Indiana Avenue, N.W.**
                              **Washington, DC   20004**

## IV. Factual Statement

7.   Plaintiff entered into an attorney-client relationship
with the defendants, Neil Jaffee and the Federal Public Defenders
Office, for the

- 2 -

Office, in that the defendant Neil Jaffee, through the "scope of [his] employment" at the Federal Public Defenders Office, represented the plaintiff on direct appeal of plaintiff's conviction after jury trial; petitioner was convicted after a jury trial in September of 2000 of two counts on a four-count indictment.

8.   On May 18 2001, plaintiff was given a "general sentence" of 240 months for violations of 18 U.S.C.§111(a) and (b), and 18 U.S.C. §§922(g) and 924(a)(2), and two three-year terms of supervised release ran consecutively to each other and to the "general sentence" of 240 months. See United States v. Arrington, Crim. No. 00-00159; U.S. v. Arrington, 309 F.3d 40,42 (D.C. Cir. 2002).

9.   A timely notice of appeal was filed, and subsequently, Neil Jaffee, under the "scope of employment" from the Federal Public Defenders Office, was appointed to represent the plaintiff on his direct appeal.

10.   Plaintiff eagerly participated in the preparation of his appeal, in that he researched on his own and maintained regular contact with the defendant, Neil Jaffee, while he was working in the "scope of [his] employment" at the Federal Public Defenders Office.

11.   Though a layman in the law, during his research, plaintiff stumbled across the "possibilities" that his entire sentence "may" be erroneous/illegal/contrary to statute and circuit precedent, and as such, approximately during the beginning of November 2001, the plaintiff presented the defendant Neil Jaffee with questions of law concerning the nature of his "general sentence" and the

- 3 -

consecutive nature of his supervised release.

12.   In response to the questions of law raised by the plain-
tiff, defendant Neil Jaffee explicitly stated "...concerning
your term of supervised release, I have enclosed a copy of the
D.C. Circuit's opinion in **United States v. Jamison**, 934 F.2d
371 (D.C. 1991), which holds that a term of imprisonment and
of supervised release, added together, may exceed the maximum
prison term allowed by statute." Id Exhibit "**A**".

13.   Defendant Neil Jaffee further stated "[t]he **Jamison**
decision is controlling in our circuit and our research indicates
the circuits are not divided on this issue." **Id Exhibit "A"**.

14.   In defendant's answer to the plaintiff's questions
of law, Neil Jaffee obfuscates his response, in that he doesn't
entirely address the plaintiff's concerns, in that he gives a
blanketing answer which **seems** to address the issue, but upon
further reflection fails to address the specific issues of a
"general sentence" and "consecutive terms of supervised release."

15.   Plaintiff continued and maintained due diligence and
actively participated in his appeal preparation and offered as
much in presenting his concerns of "maximum sentences" and Apprendi
violations, in that a letter written to defendant Neil Jaffee,
**see Exhibit "B"**(Letter from plaintiff to Neil Jaffee dated Dec.
10, 2001), detailed case law and further understanding (on the
plaintiff's part) of "sentencing issue/concerns". **Id Exhibit
"B"**.

16.   Defendant Neil Jaffee failed to address the plaintiff's
concerns in the letter Dated Dec. 10, 2001, stating more than

- 4 -

once that "[t]here are no issues of merit."; subsequently, plain-
tiff's conviciton and sentence was affirmed.

17.   Plaintiff asserts that he put his faith and trust in defendant
Neil Jaffee, while he was in the "scope of employment" of the Federal Public
Defenders Office, in his competence, knowledge, and skill, and
so, plaintiff let go of the "sentencing issues" on the words that
there was no merit, until a much later date when he did become
aware that counsel was incorrect and had made monumental errors.

18.   In 2009, plaintiff wrot defendant Neil Jaffee, again, concerning
specifically his term of imprisonment as a general sentence (in the erroneous
consecutive nature of it), and his consecutive terms of supervised release,
and the defendant's answer was contrary to Exhibit "A" and "B", see Exhibit
"C" (hand-written letter from Neil Jaffee to Plaintiff, dated on  or about
2009); in the letter, the defendant acknowledges, <u>now</u>, "your consecutive terms
of supervised release appear to violate 18 U.S.C. §3624(e)." Id
Exhibit "<u>C</u>"; also see Exhibit "<u>D</u>"(Letter to Chief Judge Lambert
dated October 12, 2011, from the Department of Justice, conceding
"terms of supervised release cannot run consecutively.")


## CLAIMS FOR RELIEF

19.   Plaintiff asserts that all claims are against defendant
Neil Jaffee and his employer "The Federal Public Defenders Office"
as Respondent Superior[1].

---

[1]Under the doctrine of Respondent Superior, an employer may be vicariously lia-
ble for the negligent acts of its employee if the employee's actions are with-
in the course and scope of her employment. See <u>Schecter v. Merchants Home Deliv-
ery, Inc.</u>, 892 A.2d 415, 427 (D.C. 2006). As a general rule, whether an employee
committed a tort "within the scope of employment" is "a question of fact for the
jury to determine." <u>Penn Cent. Transp. Co. Reddick</u>, 398 A.2d 27,31 (D.C. 1979)
(quoting <u>Great A & P Tea Co. v. Aveilhe</u>, 116 A.2d 162, 164 (D.C. 1955)). It
can however, become a quesiton of law "when all reasonable triers of fact must
conclude that the servant's act was independent of the master's business and
soley for the servant's personal benifit." Id. at 32.

## A. LEGAL MALPRACTICE

To Succeed on a legal malpractice claim, the plaintiff must show that (1) the defendant was employed as the plaintiff's attorney, (2) the defendant breached a reasonable duty, and (3) that breach resulted in and was the proximate cause of, the plaintiff's loss or damages. **Martin v. Ross**, 6 A.3d 860, 862 (D.C. 2010)(quoting **Niosi v. Aiello**, 69 A.2d 57,60 (D.C. 1949).

### (i) The defendant(s) was employed as the plaintiff's attorney

20.  Plaintiff alleges that it is uncontrovertible that defendant Neil Jaffee, under the "scope of employment" at the Federal Public Defenders Office, was employed as the plaintiff's attorney. See **U.S. v. Arrington**, 309 F.3d 40 (D.C. Cir. 2002).

21.  Plaintiff alleges that it is uncontrovertilbe that defendant, Federal Public Defenders Office, as Respondent Superior, was the employer of Neil Jaffee and responsible for such times and Neil Jaffee's actions as he represented the plaintiff as his attorney.

### (ii) The defendant(s) breached a reasonable duty

"A lawyer shall provide competent representation to a client.  Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation." **D.C.R. Prof. Conduct 1.1(a)**; "A lawyer shall serve a client with skill and care commensurate with that generally afforded to clients by other lawyers in similar matters." **D.C.R. Pro. Conduct 1.1(b)**.

22. Defendant, Neil Jaffee, breached his reasonable duty
to the plaintiff, as the appellate attorney for the plaintiff,
first and foremost in that he violated multiple District of Col-
umbia Rules of Professional Conduct. Defendant failed to display
or use the essential knowledge and skill that is a prerequisite
of his profession, especially that which would be afforded to
clients by other lawyers in similar matters, in that on appeal,
defendant's first duty should of been to examine petitioner's
sentence (transcripts, relevant statutes, oral pronouncement,
etc...), and should of readily noted:

   a) a "general sentence", in that a sentence was given
      by oral pronouncement of 240 months to the two counts
      of conviction, of which the maximum of either count
      was only 120 months; use of a general sentence is
      improper, plain error, and remandable on direct
      review. See **U.S. v. Straite**, 425 F.2d 594; 138 U.S.
      App. D.C. 163 (1970);
   b) consecutive terms of supervised release are improper,
      plain error, and remandable on direct review. See
      U.S.S.G. Amendment 507 (1994).

Upon subsequent examination and studies, defendant Neil
Jaffee should of noted the glaring errors and drafted an argument
with the availability of such dispositive grounds, and as such
plaintiff would of received such relief from the court as only
appropriate.

23. Plaintiff alleges that the defendant, the Federal Pub-
lic Defenders Office, under the Doctrine of Respondent Superior,
as the employer of Neil Jaffee, was responsible for the breach
of reasonable duties of such employee, as is alleged and detailed
in paragraph 22, as such employee's actions were "within the

- 7 -

course and scope of his employement."

> (iii) The Defendant(s) breach of reasonable
> duties resulted in the proximate cause of
> the plaintiff's loss and damages

24.  Plaintiff alleges that due to defendant's, Neil Jaffee,
failure to note, and argue on appeal, trial court's error in
sentencing, and then to subsequently ward off plaintiff's inquir-
ies to the erroneous sentence, left the plaintiff with the under-
standing that there was no recourse in pursuing the sentencing
issues in following post-conviction motions.

25.  Plaintiff alleges that defendant's breach of reasonable
duties resulted in an appeal which affirmed plaintiff's conviction
and sentence, prompted further failed post-conviction motions,
all of which left the plaintiff no vehicle to address such erroneous
sentence, and as an end result, plaintiff has now served almost
3 years beyond the maximum 120 months he would of been resentenced
to, providing he had adequate, knowledgeable, and skillfull rep-
resentation; either error, if properly addressed--the general
sentence or the consecutive terms of supervised release, would
of put the entire sentence back before the Court, in that the
sentence of imprisonment and supervised release attach to each
other.

26.  Plaintiff alleges that the defendant, the Federal Public
Defenders Office, under the Doctrine of Respondent Superior,
as the employer of Neil Jaffee, was responsible for the breach
of reasonable duties that resulted in the proximate cause of
the plaintiff's loss and damages as detailed in paragraphs 24-

25, as such employee's actions were "within the course and scope of his employment."

## B. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

> To establish a claim for intentional infliction of emotional distress in the District of Columbia, a plaintiff must prove that the defendant engaged in (1) extreme and outrageous conduct that (2) intentionally or recklessly caused (3) severe emotional distress to another. Woodner v. Breeden, 665 S.C. 221 (1982)(quoting Restatement (Second) of Torts §46 cont. d (1965)).

### (i) Defendants engaged in Extreme and Outrageous Conduct

27.  Plaintiff alleges that for the defendant, Neil Jaffee, to fail to address the erroneous sentencing issues, of which would of unequivocally affected the plaintiff's length of sentence, in that a first-year law student would be schooled to thoroughly examine the sentence for appeal, amounts to intentional oversight, or unqualified representation, both of which amounts to extreme and outrageous conduct "utterly intolerable in a civilized community", especially when one's freedom is in regard; see Sere v. Group Hospitalization, Inc., 443 A.2d 33,37 (D.C. 1982) cert denied, 459 U.S. 912, 74 L.Ed2d 176, 103 S.Ct. 221(1982)(quoting Restatement (Second) of Torts §46 cont. d (1965)).

28.  Plaintiff alleges that the defendant, the Federal Public Defenders Office, under the Doctrine of Respondent Superior, as the employer of Neil Jaffee, was responsible for the extreme and outrageous conduct of such employee, as is alleged in paragraph 27, as such employee's actions were "within the course and scope of his employment."

- 9 -

### (ii) Defendants intentionally or recklessly
### conducted themselves

29.  Plaintiff alleges that the defendant, Neil Jaffee, in failing to address the erroneous sentencing issues, especially in light of plaintiff's concerns, and then in contrasting letters to the plaintiff--failing at first to recognise any error, and then years later, when options are limited, to concede the errors--amounts to intentional and reckless conduct.

30.  Plaintiff alleges that the defendant, Federal Public Defenders Office, under the Doctrine of Respondent Superior, as the employer of Neil Jaffee, was responsible for the intentional and reckless conduct of such employee as detailed in paragraph 29, as such employee's actions were "within the course and scope of his employment."

### (iii) Defendants caused
### severe emotional distress in another

31.  Plaintiff alleges that the defendant, Neil Jaffee, by and through his extreme and outrageous conduct, intentionally or recklessly caused the plaintiff severe and emotional distress in that the plaintiff has been imprisoned beyond what his corrected sentence would of been, and such loss of freedom, consortium and liberty has emotionally distressed him to no end.

32.  Plaintiff alleges that the defendant, Federal Public Defenders Office, under the Doctrine of Respondent Superior, as the employer of Neil Jaffee, was responsible for the extreme and outrageous conduct, intentionally or recklessly causing the plaintiff severe and emotional distress, as detailed in paragraph

31, as such employee's actions were "within the course and scope of his employment."

## RELIEF REQUESTED

WHEREFORE, plaintiff requests that this Honorable Court Award this plaintiff a combined sum totalling $1,500,000 for damages and loss incurred by and through alleged claims and for any other such relief as it may appear the plaintiff is entitled to.

Respectfully submitted on this 2nd day of June, 2014.

Derrek Arrington, Pro se
Reg. #23388-016
United States Penitentiary Canaan
P.O. Box 300
Waymart, PA  18472

I declare under the penalty of perjury that the aforementioned is true and correct to the best of my knowledge, §1746.

Executed On: June 2nd, 2014

Derrek Arrington

EXHIBIT "A"                                    EXHIBIT "A"

*Copy (S?)*

## FEDERAL PUBLIC DEFENDER
### DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, DC 20004

Telephone (202) 208-7500
FAX (202) 208-7515

A. J. KRAMER
*Federal Public Defender*

## PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

November 29, 2001

Mr. Derrek Arrington
Reg. No. 23388-016
USP Beaumont
P.O. Box 26030
Beaumont, TX 77720

Re:   United States v. Derrek Arrington
      No. 01-3059

Dear Mr. Arrington:

This letter is to advise you that I have filed in the court of appeals a motion to revise the briefing schedule based upon our recent receipt of the transcript of the trial proceedings held on September 18, 2000, and our determination that an additional transcript is necessary for use on appeal (the basis for the request for a revised briefing schedule is set forth more fully in the enclosed copy of the motion that we filed on this date).

In response to the question you raised concerning your term of supervised release, I have enclosed a copy of the D.C. Circuit's opinion in United States v. Jamison, 934 F. 2d 371 (D.C. Cir. 1991), which holds that a term of imprisonment and of supervised release, added together, may exceed the maximum prison term allowed by statute. The Jamison decision is controlling in our circuit and our research indicates that the circuits are not divided on this issue.

We sent all of the transcripts to you about a week ago and I hope that you have received them by now. If not, please contact me. In response to your question concerning the verdict form, the jury returned a general verdict (a copy of the verdict form is enclosed). However, the verdict form indicated that the charge in Count One was assault with a dangerous weapon. Also, the court instructed the jury that use of a dangerous weapon to commit the assault was an essential element of the offense. Therefore, the jury instructions combined with the verdict form establish that by returning a guilty verdict, the jury made the necessary factual findings to support an enhanced sentence under §111(b), in compliance with the rule in Apprendi. I am not aware of any cases that require a special verdict form under these circumstances (a special verdict form could be required under Apprendi where the jury must make particular findings as to drug quantity). Having said this, we are reviewing the jury instruction on the assault charge for other possible errors.

When I have completed my review of all of the transcripts (including the additional transcript that is outstanding), I will advise you of the issues that we intend to raise on appeal. If you have any questions before you hear back from me, please do not hesitate to contact me.

Sincerely yours,

Neil H. Jaffee
Asst. Federal Public Defender

Enclosures

EXHIBIT "B"                                      EXHIBIT "B"

EXHIBIT "B"

EXHIBIT "B"

Copy (2)

Mr. Derrek Arrington
# 23388-016
U.S.P. Beaumont
P.O. Box 26030
Beaumont, Tx. 77720

December 10, 2001

Mr. Neil Jaffee
Asst. Public Defender
District of Columbia
Suite 550
625 Indiana Avenue N.W.
Washington, D.C. 20004

Dear Mr. Jaffee;
Thank you for replying to all of my letters. The purpose of this instant
letter is to communicate with you my belief of certain meritable issues
that I have researched in my trial transcripts.
As you are aware, the prosecution mainly sought to convict me upon counts
2 and 3 in the indictment. And in their efforts they basicly failed to
prove "in my opinion" all of the elements charged, in count one.
Below is a list of facts and case law to support my view of certain issues.

[ 1. Insufficient Evidence to Sustain Count One.]
The indictment charges these primary elements:
The defendant, knowingly, and by means and use of a dangerous weapon,
that is, an automobile, did forcibly assault, resist, oppose, impede,
intimidate and interfere.
18 U.S.C. § 111 is a specific intent crime. Therefore it must be proven
that beyond a reasonable doubt the defendant knowingly and intentionally
used a automobile as a dangerous weapon to forcibly assault, etc.
If you review Officer Yates' testimony at pages 47-49 on direct, and
page 15 on cross; Officer Elliason's testimony pages 75-77, and Officer
Daniels' testimony pages 34-36,48, you will see slight variations but
each witness is consistent on the fact that I used the vehicle to flee.
Yates and Elliason contended that I struggled with Daniels, and Daniels
stated that he grabbed me around the neck and shoulders.
In substance those activities would be consistent with resisting, impeded,
opposing and interferring with the officers official duties.
But those facts do not satisfy § 111(b), use of a dangerous weapon.

1.

As stated by Officer Elliason on page 76:

(lines 9-11)

Officer Daniels grabs the man, and I come around the corner to control him, because what he's doing, he's going to try to escape us in the vehicle.

(lines 18-21)

Q: Are you grabbing him?

A: Yes, Sir. I had my hands on him along with Officer Daniels, because he was trying to get the car back in park because he was trying to escape from us.

I submit that this evidence does prove that I violated § 111(a), but ~~these~~ **DOES** not prove that I knowingly and intentionally used the automobile as a dangerous weapon to forcibly assualt the officers.

Officer Daniels stated that he really did not know how he got tangled up in the car as I drove off.

Furtheremore his testimony did not establish any direct evidence that I even knew he was riding along with me as I fled.

Daniels did not state that he yelled stop the car as he "allegedly" hung on. Nor was there evidence that I even saw him. I contend that had I tried to manuveur in a manner to dislodge him n, looked at him to acknowledge he was attached to the vehicle but failed to stop, tried to head on run over a officer then of course the evidence would be that I intentionally used the vehicle as a dangerous weapon to assault.

If you read page 20 of the jury charge you will see that the fifth element was that I voluntarily and deliberately assaulted the officers.

Below is a list of cases that were affirmed because each indivual actually tried to run a officer over in a car or truck.

Potter v. U.S. 691 F.2d 1275 (1982)

U.S. v. Montanaro, 362 F.2d 527 (1966)

U.S. v. Feola, 43 L.Ed. 2d 541

U.S. v. Cunningham, 509 F.2d 961, 963 (D.C. Cir. 1975)

In my opinion my actions as described by Officer Elliason shows my actual specific intent was only to flee arrest and not a specific intent to use

2.

the car as a dangerous  weapon to forcibly assault, etc.
The evidence is insufficient that I used the car intentionally as a
dangerous weapon. It could be viewed that my actions constituted reckless
endangerment, or even a crime that my conduct created the vehicle's
dangerousness, but it can not prove that my mens rea was to intentionally
use the car as a dangerous weapon.

### [ 2. The Jury Charge Was Inadequate.]

I seek legal support from U.S. v. Schrader, 10 F.3d 1345 (8th Cir. 1993),
which states, "In prosecution for forcibly assaulting, resisting, opposing,
impeding, intimidating, or interfering with the federal officers engaged in
performance of official duties, district court erred in instructing jury
that adverb "forcibly" modified only verb "assault", and not other offense-
defining verbs in statue; error was not harmless, since defenses raised
made element of force crucial issue in case."
In Schrader counsel requested that the jury charge state that the Government
must prove beyond a reasonable doubt that the defendant, focibly assaulted,
forcibly resisited, forcibly impeded, forcibly intimidated, and forcibly
interfered.
The court did not agree and charged the jury with only focibly describing
assault.
I contend that the court should have sua sponte instructed the jury with
forcibly describing all the verbs in the statue.
The defendants in Schrader admitted that they ran when the officers tried
to apprehend them. And one defendant admitted that he pushed his hands
down when officers tried to handcuff him.
The court found in it's decision that , although there was some evidence
of an assault by each defendant, their actions could much more readily
be characterizec as "resisting, opposing, impeding, intimidating, or
interfering with" the tribal officers. But with the element of force
eliminated, the jury could have believed the defendant's explanation
and still have convicted them because they non-forcibly impeded or
resisted the tribal officers.

As cited therein Schrader, " Whether a person has opposed the efforts
of federal agents with sufficient force to [violate § 111] can thus be
a troublesome question of degree," U.S. v. Cunningham, 509 F.2d 961,
963 (D.C. Cir. 1975). Defendants contended that their confrontational
conduct was so minimal as to be outside the scope of § 111.
In my trial I testified that I fled arrest but did not struggle with the
officers. And although credibility is a question for the jury the record
shows that the defense did a thorough job of discrediting the officers.
Therefore it is possible that the jury believed my explanation and con-
victed me upon non-forcible conduct on count one.
Please review Page 20 Lines 9-21 of the jury instructions. You will note
that forcible was applied to assault four times, but never to any other
verb in the statue.
And on page 21 of the charge lines 6-13 the courts definition of forcible
is the same as in Schrader.
Also a mitigating factor arises in the fact that the jury sent a note to
the jury requesting further clarification upon their duty to find the
elements. And once again the court only describe assault with forcibly.
See pages 82-95.


[ 3. Improper Vouching.]


During closing arguments the Government repeatedly called officers honest,
truthful and credible. Also the A.U.S.A. insured to the jury that their
integrity was dependable. Pages 30-36, 59-60.
U.S. v. Garza, 608 F.2d 659, 662 (5th Cir. 1979)
U.S. v. Carroll, 26 F.3d 1380, 1387-90 (6th Cir. 1994)
U.S. v. Kerr, 981 F.2d 1050, 1052-54 (9th Cir. 1992)


[ 4. Juror Misconduct.]

In my trial the court instructed the jury not to $^{GO\ TO}$ the crime scenes.
But this instruction was disobeyed by at least one and maybe two jurors.
It is my opinion that the court should have more thoroughly screened the
jurors. Instead of the perfunctionary order to disregard the extrinsic
evidence.And then the likewise vague question to the jury "can they
disregard it."
In U.S. v. Seeright, 978 F.2d 842, 849-50 (4th Cir. 1992), no prejudice
was presumed when a juror conducted own investigation of admitted evidence
and reported it to others because juror was dismissed, each juror

questioned, and none tainted by information."

I aver that had those circumstances occured in my case then there would not have been any prejudice. The court should have individually screened the jurors, found out who violated the instructions and dismissed that juror. The reason why I contend this is because it is virtually impossible for a juror to disregard evidence that he has independantly sought out. A person can not just blank out his memory.


Please seriously review these issues. Now that I have gotten this in the mail I will dig up that case on the sentencing issue. I also have a lead that you may be able to use to find out about this issue that we are disputing.  The Fifth Circuit Case Meshack, 2000. The defendant Meshack also had a son as a codefendant. His name was Terrance Hodges, A.K.A. Gudda. Hodges did not prevail on appeal under Apprendi because his sentence was within the 30 year maximum under 841 (b)(1)(C) for defendants with prior drug convictions. But check this out. Hodges had 27 years of imprisonment and 10 years probation. After his case was affirmed he mysteriously recieved with his opinion a separate form advising him that his probation term was lowered to 3 years. Therfore his possible 37 year if violated terms of judgement has been modified to 30 years to coincide with the Maximum term allowed under subsection (C) of 841. Hodges is here at Beaumont. And it was because of this mysterious judgement modification that prompted the individual whom researched and found a decision that showed that the entire prison term through probation included cannot exceed the statutory maximum. The Government responded just like the case that you provided me but the court ruled infavor of the defendant. Maybe Meshack's docket sheet can show you the changes in Hodges' sentencing factors. Or Hodges Judgement after appeal. Can you find that information on your computer to show you that I am not blowing wind and I will keep digging myself, thanks.

EXHIBIT "C"

EXHIBIT "C"

Derrek — I do not believe that you have
grounds or a procedural vehicle to challenge
your 240-month sentence. The enclosed
case supports Judge Robertson's reliance on
USSG § 5G1.2 (d), which required the court
to run the sentences consecutively because
the guideline range (210-262) was greater
than the statutory max. on each count.
        On the other hand, your consecutive
terms of supervised release appear to violate
18 USC § 3624(e). You could file in the district
court a motion to correct the error (arguing

that it arose from "oversight" under
Federal Rule of Crim. Pro. 36) or once you
are released, you could file a motion to
modify your supervised release.
        I wish you well.

                        Neil Jaffee

EXHIBIT "D"

EXHIBIT "D"

EXHIBIT "D"

EXHIBIT "D"



U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 12, 2011

Chief Judge Royce C. Lamberth
United States District Court for
  the District of Columbia
333 Constitution Avenue, N.W.
Room 2010 (Bryant)
Washington, D.C. 20001

Re: Derrek Arrington, Crim. No.00-159-01

Dear Chief Judge Lamberth:

On October 5, 2011, your chambers faxed a memorandum from the U.S. Probation Office in the above-captioned case, in which the Probation Office noted that the defendant had received consecutive terms of three years' supervised release on the two counts for which he was convicted. We have reviewed the memorandum, and the relevant case law, and agree with Probation that the terms of supervised release cannot run consecutively. See, e.g., 18 U.S.C. § 3624(e); United States v. Danser, 270 F.3d 451, 454 (7th Cir. 2001) ("Like our sister circuits who have dealt with this issue, we find that Section 3624(e) and the Sentencing Guidelines do no permit sentencing courts to impose consecutive terms of supervised release.") (citations omitted).

Accordingly, we do not oppose vacating the current terms of supervised release and running the terms concurrently, rather than consecutively, nunc pro tunc to May 18, 2011, the date on which this Court imposed sentence in this case.

Sincerely,

Robert D. Okun
Chief, Special Proceedings Division

cc:    Kathie J. McGill
Senior U.S. Probation Officer
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Derrek E. Arrington
Reg. No. 23386-016
P.O. Box 5300
FCI Victorville Medium I
Adelanto, CA 92301

Form CA 1-A: Notice and Acknowledge for Service by Mail

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Derrek E. Arrington
_____
               *Plaintiff(s)*

                    v.                                    Case No:  __2014 CA  4553 M__

Neil H. Jaffee Esq., et al.
_____
               *Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):
Federal Public Defenders Office
_____
625 Indiana Ave. N.W.
_____
Suite 550
_____
Washington, D.C.  20004
_____

    The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

    You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

    If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

    If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

    This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 7/25/2014
_____

_Adrienne J. marsh_                                    _7/25/2014_
_____                        _____
*Signature*                                            *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

    I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address):  _____

_____

_____
*Signature*                  *Relationship to Defendant/Authority*   *Date of Signature*
                             *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828   ·   如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction
Dề có một bài dịch, hãy gọi (202) 879-4828   영어를 원하시면, (202) 879-4828 로 쳐형우심시오





**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

DERREK E. ARRINGTON
    Vs.                                     C.A. No.      2014 CA 004553 M
NEIL H. JAFFEE Esq

## INITIAL ORDER AND ADDENDUM

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order.  As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

    (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order.   Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                       Chief Judge Lee F. Satterfield

Case Assigned to: Judge HERBERT B DIXON JR
Date:  July 25, 2014
Initial Conference: 9:30 am, Friday, October 31, 2014
Location:  Courtroom 415
           500 Indiana Avenue N.W.
           WASHINGTON, DC  20001                          Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
Washington, D.C. 20001 Telephone: (202) 879-1133

Derrek E. Arrington
_____
                                    Plaintiff

                        vs.

Federal Public Defenders Office
_____
                                    Defendant

**14 - 0 0 0 4 5 5 3**

Case Number _____

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Derrek Arrington, PRO SE
_____
Name of Plaintiff's Attorney
Reg. # 23388-016
P.O. Box 300
_____
Address
Waymart, PA  18472
_____
N/A/
_____
Telephone

_Clerk of the Court_

By _____
                        Deputy Clerk

Date _____07 22 2014_____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
#### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____

Demandante

contra

Número de Caso: _____

_____

Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

### SECRETARIO DEL TRIBUNAL

Nombre del abogado del Demandante

_____

Por: _____

Dirección

_____                    Subsecretario

Fecha _____

Teléfono

_____

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시오        ኢትዮጵያ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

## SUPERIOR COURT OF THE DISTRICT FO COLUMBIA
## CIVIL DIVISION

DERREK E. ARRINGTON,

    Plaintiff,

vs.

NEIL H. JAFFEE, Esquire,
at 13005 Dunhill Drive, Fairfax, Virginia  22030, PH#(202)492-1936,
  and

FEDERAL PUBLIC DEFENDERS OFFICE,
at  the Federal Public Defenders Office, D.C.; Suite 550, 625 Indian Ave. N.W.,
as Respondent Superior,

    Defendants.

_____ /

RECEIVED
Civil Clerk's Office
JUL 2 2 2014
Superior Court of the
District of Columbia
Washington, D.C.

14 - 0 0 0 4 5 5 3

Case No._____

COMPLAINT

## DISTRICT  OF  COLUMBIA CIVIL ACTIONS
## OF LEGAL MALPRACTICE AND INTENTIONAL
## INFLICTION  OF  EMOTIONAL  DISTRESS

## VERIFIED COMPLAINT FOR DAMAGES

### I. Introduction

1.   This is a verified complaint alleging the common law torts of Legal Malpractice and Intentional Infliction of Emotional Distress, filed by Derrek E. Arrington ("Plaintiff"), pro se[*], a federal prisoner whom is currently incarcerated and being held at the United States Penitentiary Canaan in Waymart, Pennsylvania.

2.   Plaintiff seeks damages in the amount of $1,500,000.

---

[*]"[T]he Court must take particular care to construe the plaintiff's filing liberally, for such [filings] are held 'to less stringent standards than formal pleadings drafted by lawyers.'" Cheeks v. Fort Myer Constr. Co., 722 F.Supp. 2d 93, 107 (D.D.C. 2010)(quoting Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.)

## II. Jurisdiction

3.    Jurisdiction of this Court is invoked pursuant to D.C. Code §11-921 (2001).

## III. Parties

4.    Plaintiff was and still is a resident of Washington, D.C.; specifically, plaintiff was a resident of Washington, D.C. during the defendants' representation of the plaintiff; though a prisoner incarcerated in a different state, plaintiff alleges his domicile of operation by law is Washington D.C., in that upon release from prison he plans to return and remain there.

5.    Defendant Neil H. Jaffee, was and "Upon Information and Belief" still a resident of Washington D.C., specifically during the defendant's representation of the plaintiff, and is employed at the: **Federal Public Defenders Office**
                   **District of Columbia**
                   **Suite 550**
                   **625 Indiana Avenue, N.W.**
                   **Washington, DC  20004**

6.    Respondent Superior Federal Public Defenders Office, as is located and operated out of Washinton, D.C., specifically during Neil Jaffee's "scope of employment" in representing the plaintiff, and is located at: **Federal Public Defenders Office**
                   **District of Columbia**
                   **Suite 550**
                   **625 Indiana Avenue, N.W.**
                   **Washington, DC  20004**

## IV. Factual Statement

7.    Plaintiff entered into an attorney-client relationship with the defendants, Neil Jaffee and the Federal Public Defenders

- 2 -

Office, in that the defendant Neil Jaffee, through the "scope
of [his] employment" at the Federal Public Defenders Office,
represented the plaintiff on direct appeal of plaintiff's con-
viction after jury trial; petitioner was convicted after a jury
trial in September of 2000 of two counts on a four-count indict-
ment.

8.    On May 18 2001, plaintiff was given a "general sentence"
of 240 months for violations of 18 U.S.C.§111(a) and (b), and
18 U.S.C. §§922(g) and 924(a)(2), and two three-year terms of
supervised release ran consecutively to each other and to the
"general sentence" of 240 months. See <u>United States v. Arrington</u>,
Crim. No. 00-00159; <u>U.S. v. Arrington</u>, 309 F.3d 40,42 (D.C. Cir.
2002).

9.    A timely notice of appeal was filed, and subsequently,
Neil Jaffee, under the "scope of employment" from the Federal
Public Defenders Office, was appointed to represent the plain-
tiff on his direct appeal.

10.   Plaintiff eagerly participated in the preparation of
his appeal, in that he researched on his own and maintained reg-
ular contact with the defendant, Neil Jaffee, while he was work-
ing in the "scope of [his] employment" at the Federal Public
Defenders Office.

11.   Though a layman in the law, during his research, plain-
tiff stumbled across the "possibilities" that his entire sentence
"may" be erroneous/illegal/contrary to statute and circuit precedent,
and as such, approximately during the beginning of November 2001,
the plaintiff presented the defendant Neil Jaffee with questions
of law concerning the nature of his "general sentence" <u>and</u> the

- 3 -

consecutive nature of his supervised release.

12.    In response to the questions of law raised by the plain-
tiff, defendant Neil Jaffee explicitly stated "...concerning
your term of supervised release, I have enclosed a copy of the
D.C. Circuit's opinion in **United States v. Jamison**, 934 F.2d
**371 (D.C. 1991),** which holds that a term of imprisonment and
of supervised release, added together, may exceed the maximum
prison term allowed by statute." Id Exhibit "**A**".

13.    Defendant Neil Jaffee further stated "[t]he **Jamison**
decision is controlling in our circuit and our research indicates
the circuits are not divided on this issue." Id Exhibit "**A**".

14.    In defendant's answer to the plaintiff's questions
of law, Neil Jaffee obfuscates his response, in that he doesn't
entirely address the plaintiff's concerns, in that he gives a
blanketing answer which **seems** to address the issue, but upon
further reflection fails to address the specific issues of a
"general sentence" and "consecutive terms of supervised release."

15.    Plaintiff continued and maintained due diligence and
actively participated in his appeal preparation and offered as
much in presenting his concerns of "maximum sentences" and Apprendi
violations, in that a letter written to defendant Neil Jaffee,
**see Exhibit "B"**(Letter from plaintiff to Neil Jaffee dated Dec.
10, 2001), detailed case law and further understanding (on the
plaintiff's part) of "sentencing issue/concerns". **Id Exhibit
"B"**.

16.    Defendant Neil Jaffee failed to address the plaintiff's
concerns in the letter Dated Dec. 10, 2001, stating more than

once that "[t]here are no issues of merit."; subsequently, plain-
tiff's conviciton and sentence was affirmed.

17.   Plaintiff asserts that he put his faith and trust in defendant
Neil Jaffee, while he was in the "scope of employment" of the Federal Public
Defenders Office, in his competence, knowledge, and skill, and
so, plaintiff let go of the "sentencing issues" on the words that
there was no merit, until a much later date when he did become
aware that counsel was incorrect and had made monumental errors.

18.   In 2009, plaintiff wrot defendant Neil Jaffee, again, concerning
specifically his term of imprisonment as a general sentence (in the erroneous
consecutive nature of it), and his consecutive terms of supervised release,
and the defendant's answer was contrary to Exhibit "A" and "B", see Exhibit
"C" (hand-written letter from Neil Jaffee to Plaintiff, dated on  or about
2009); in the letter, the defendant acknowledges, now, "your consecutive terms
of supervised release appear to violate 18 U.S.C. §3624(e)." Id
Exhibit "C"; also see Exhibit "D"(Letter to Chief Judge Lambert
dated October 12, 2011, from the Department of Justice, conceding
"terms of supervised release cannot run consecutively.")


## CLAIMS FOR RELIEF

19.   Plaintiff asserts that all claims are against defendant
Neil Jaffee and his employer "The Federal Public Defenders Office"
as Respondent Superior[1].

---

[1]Under the doctrine of Respondent Superior, an employer may be vicariously lia-
ble for the negligent acts of its employee if the employee's actions are with-
in the course and scope of her employment. See Schecter v. Merchants Home Deliv-
ery, Inc., 892 A.2d 415, 427 (D.C. 2006). As a general rule, whether an employee
committed a tort "within the scope of employment" is "a question of fact for the
jury to determine." Penn Cent. Transp. Co. Reddick, 398 A.2d 27,31 (D.C. 1979)
(quoting Great A & P Tea Co. v. Aveilhe, 116 A.2d 162, 164 (D.C. 1955)).  It
can however, become a quesiton of law "when all reasonable triers of fact must
conclude that the servant's act was independent of the master's business and
soley for the servant's personal benifit." Id. at 32.

## A. LEGAL MALPRACTICE

To Succeed on a legal malpractice claim, the plaintiff must show that (1) the defendant was employed as the plaintiff's attorney, (2) the defendant breached a reasonable duty, and (3) that breach resulted in and was the proximate cause of, the plaintiff's loss or damages. **Martin v. Ross**, 6 A.3d 860, 862 (D.C. 2010)(quoting **Niosi v. Aiello**, 69 A.2d 57,60 (D.C. 1949).

### (i) The defendant(s) was employed as the plaintiff's attorney

20. Plaintiff alleges that it is uncontrovertible that defendant Neil Jaffee, under the "scope of employment" at the Federal Public Defenders Office, was employed as the plaintiff's attorney. See **U.S. v. Arrington**, 309 F.3d 40 (D.C. Cir. 2002).

21. Plaintiff alleges that it is uncontrovertilbe that defendant, Federal Public Defenders Office, as Respondent Superior, was the employer of Neil Jaffee and responsible for such times and Neil Jaffee's actions as he represented the plaintiff as his attorney.

### (ii) The defendant(s) breached a reasonable duty

"A lawyer shall provide competent representation to a client.  Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation." **D.C.R. Prof. Conduct 1.1(a)**; "A lawyer shall serve a client with skill and care commensurate with that generally afforded to clients by other lawyers in similar matters." **D.C.R. Pro. Conduct 1.1(b)**.

- 6 -

22. Defendant, Neil Jaffee, breached his reasonable duty to the plaintiff, as the appellate attorney for the plaintiff, first and foremost in that he violated multiple District of Columbia Rules of Professional Conduct. Defendant failed to display or use the essential knowledge and skill that is a prerequisite of his profession, especially that which would be afforded to clients by other lawyers in similar matters, in that on appeal, defendant's first duty should of been to examine petitioner's sentence (transcripts, relevant statutes, oral pronouncement, etc...), and should of readily noted:

    a) a "general sentence", in that a sentence was given by oral pronouncement of 240 months to the two counts of conviction, of which the maximum of either count was only 120 months; use of a general sentence is improper, plain error, and remandable on direct review. See <u>U.S. v. Straite</u>, 425 F.2d 594; 138 U.S. App. D.C. 163 (1970);

    b) consecutive terms of supervised release are improper, plain error, and remandable on direct review. See U.S.S.G. Amendment 507 (1994).

Upon subsequent examination and studies, defendant Neil Jaffee should of noted the glaring errors and drafted an argument with the availability of such dispositive grounds, and as such plaintiff would of received such relief from the court as only appropriate.

23. Plaintiff alleges that the defendant, the Federal Public Defenders Office, under the Doctrine of Respondent Superior, as the employer of Neil Jaffee, was responsible for the breach of reasonable duties of such employee, as is alleged and detailed in paragraph 22, as such employee's actions were "within the

course and scope of his employement."

> (iii) The Defendant(s) breach of reasonable
> duties resulted in the proximate cause of
> the plaintiff's loss and damages

24.  Plaintiff alleges that due to defendant's, Neil Jaffee, failure to note, and argue on appeal, trial court's error in sentencing, and then to subsequently ward off plaintiff's inquiries to the erroneous sentence, left the plaintiff with the understanding that there was no recourse in pursuing the sentencing issues in following post-conviction motions.

25.  Plaintiff alleges that defendant's breach of reasonable duties resulted in an appeal which affirmed plaintiff's conviction and sentence, prompted further failed post-conviction motions, all of which left the plaintiff no vehicle to address such erroneous sentence, and as an end result, plaintiff has now served almost 3 years beyond the maximum 120 months he would of been resentenced to, providing he had adequate, knowledgeable, and skillfull representation; either error, if properly addressed--the general sentence or the consecutive terms of supervised release, would of put the entire sentence back before the Court, in that the sentence of imprisonment and supervised release attach to each other.

26.  Plaintiff alleges that the defendant, the Federal Public Defenders Office, under the Doctrine of Respondent Superior, as the employer of Neil Jaffee, was responsible for the breach of reasonable duties that resulted in the proximate cause of the plaintiff's loss and damages as detailed in paragraphs 24-

- 8 -

25, as such employee's actions were "within the course and scope of his employment."

B. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

> To establish a claim for intentional infliction of emotional distress in the District of Columbia, a plaintiff must prove that the defendant engaged in (1) extreme and outrageous conduct that (2) intentionally or recklessly caused (3) severe emotional distress to another. Woodner v. Breeden, 665 S.C. 221 (1982)(quoting Restatement (Second) of Torts §46 cont. d (1965)).
>
> (i) Defendants engaged in
> Extreme and Outrageous Conduct

27.  Plaintiff alleges that for the defendant, Neil Jaffee, to fail to address the erroneous sentencing issues, of which would of unequivocally affected the plaintiff's length of sentence, in that a first-year law student would be schooled to thoroughly examine the sentence for appeal, amounts to intentional oversight, or unqualified representation, both of which amounts to extreme and outrageous conduct "utterly intolerable in a civilized community", especially when one's freedom is in regard; see Sere v. Group Hospitalization, Inc., 443 A.2d 33,37 (D.C. 1982) cert denied, 459 U.S. 912, 74 L.Ed2d 176, 103 S.Ct. 221(1982)(quoting Restatement (Second) of Torts §46 cont. d (1965)).

28.  Plaintiff alleges that the defendant, the Federal Public Defenders Office, under the Doctrine of Respondent Superior, as the employer of Neil Jaffee, was responsible for the extreme and outrageous conduct of such employee, as is alleged in paragraph 27,  as such employee's actions were "within the course and scope of his employment."

(ii) Defendants intentionally or recklessly
conducted themselves

29.  Plaintiff alleges that the defendant, Neil Jaffee, in
failing to address the erroneous sentencing issues, especially
in light of plaintiff's concerns, and then in contrasting letters
to the plaintiff--failing at first to recognise any error, and
then years later, when options are limited, to concede the errors--
amounts to intentional and reckless conduct.

30.  Plaintiff alleges that the defendant, Federal Public
Defenders Office, under the Doctrine of Respondent Superior, as
the employer of Neil Jaffee, was responsible for the intentional
and reckless conduct of such employee as detailed in paragraph
29, as such employee's actions were "within the course and scope
of his employment."

(iii) Defendants caused
severe emotional distress in another

31.  Plaintiff alleges that the defendant, Neil Jaffee,
by and through his extreme and outrageous conduct, intentionally
or recklessly caused the plaintiff severe and emotional distress
in that the plaintiff has been imprisoned beyond what his corrected
sentence would of been, and such loss of freedom, consortium
and liberty has emotionally distressed him to no end.

32.  Plaintiff alleges that the defendant, Federal Public
Defenders Office, under the Doctrine of Respondent Superior,
as the employer of Neil Jaffee, was responsible for the extreme
and outrageous conduct, intentionally or recklessly causing the
plaintiff severe and emotional distress, as detailed in paragraph

31, as such employee's actions were "within the course and scope
of his employment."

## RELIEF REQUESTED

WHEREFORE, plaintiff requests that this Honorable Court
Award this plaintiff a combined sum totalling $1,500,000 for
damages and loss incurred by and through alleged claims and for
any other such relief as it may appear the plaintiff is entitled
to.

Respectfully submitted on this _2nd_ day of _JUNE_          ,
2014.

_Derrek Ee Arrington_
Derrek Arrington, Pro se
Reg. #23388-016
United States Penitentiary Canaan
P.O. Box 300
Waymart, PA  18472


I declare under the penalty of perjury that the aforementioned is
true and correct to the best of my knowledge, §1746.

Executed Om: _JUNE 2nd, 2014_          _Derrek Ee Arrington_
                                       Derrek Arrington

EXHIBIT "A"                                          EXHIBIT "A"

Copy (2)

FEDERAL PUBLIC DEFENDER
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, DC 20004

Telephone (202) 208-7500
FAX (202) 208-7515

A. J. KRAMER
*Federal Public Defender*

## PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

November 29, 2001

Mr. Derrek Arrington
Reg. No. 23388-016
USP Beaumont
P.O. Box 26030
Beaumont, TX 77720

Re:   United States v. Derrek Arrington
      No. 01-3059

Dear Mr. Arrington:

This letter is to advise you that I have filed in the court of appeals a motion to revise the briefing schedule based upon our recent receipt of the transcript of the trial proceedings held on September 18, 2000, and our determination that an additional transcript is necessary for use on appeal (the basis for the request for a revised briefing schedule is set forth more fully in the enclosed copy of the motion that we filed on this date).

In response to the question you raised concerning your term of supervised release, I have enclosed a copy of the D.C. Circuit's opinion in United States v. Jamison, 934 F. 2d 371 (D.C. Cir. 1991), which holds that a term of imprisonment and of supervised release, added together, may exceed the maximum prison term allowed by statute. The Jamison decision is controlling in our circuit and our research indicates that the circuits are not divided on this issue.

We sent all of the transcripts to you about a week ago and I hope that you have received them by now. If not, please contact me. In response to your question concerning the verdict form, the jury returned a general verdict (a copy of the verdict form is enclosed). However, the verdict form indicated that the charge in Count One was assault with a dangerous weapon. Also, the court instructed the jury that use of a dangerous weapon to commit the assault was an essential element of the offense. Therefore, the jury instructions combined with the verdict form establish that by returning a guilty verdict, the jury made the necessary factual findings to support an enhanced sentence under §111(b), in compliance with the rule in Apprendi. I am not aware of any cases that require a special verdict form under these circumstances (a special verdict form could be required under Apprendi where the jury must make particular findings as to drug quantity). Having said this, we are reviewing the jury instruction on the assault charge for other possible errors.

When I have completed my review of all of the transcripts (including the additional transcript that is outstanding), I will advise you of the issues that we intend to raise on appeal.  If you have any questions before you hear back from me, please do not hesitate to contact me.

Sincerely yours,

Neil H. Jaffee
Asst. Federal Public Defender

Enclosures

EXHIBIT "B"                                        EXHIBIT "B"

EXHIBIT "B"

EXHIBIT "B"

Copy (2)

Mr. Derrek Arrington
# 23388-016
U.S.P. Beaumont
P.O. Box 26030
Beaumont, Tx. 77720

December 10, 2001

Mr. Neil Jaffee
Asst. Public Defender
District of Columbia
Suite 550
625 Indiana Avenue N.W.
Washington, D.C. 20004

    Dear Mr. Jaffee;
Thank you for replying to all of my letters. The purpose of this instant
letter is to communicate with you my belief of certain meritable issues
that I have researched in my trial transcripts.
As you are aware, the prosecution mainly sought to convict me upon counts
2 and 3 in the indictment. And in their efforts they basicly failed to
prove "in my opinion" all of the elements charged, in count one.
Below is a list of facts and case law to support my view of certain issues.


    [ 1. Insufficient Evidence to Sustain Count One.]
The indictment charges these primary elements:
The defendant, knowingly, and by means and use of a dangerous weapon,
that is, an automobile, did forcibly assault, resist, oppose, impede,
intimidate and interfere.
18 U.S.C. § 111 is a specific intent crime. Therefore it must be proven
that beyond a reasonable doubt the defendant knowingly and intentionally
used a automobile as a dangerous weapon to forcibly assault, etc.
If you review Officer Yates' testimony at pages 47-49 on direct, and
page 15 on cross; Officer Elliason's testimony pages 75-77, and Officer
Daniels' testimony pages 34-36,48, you will see slight variations but
each witness is consistent on the fact that I used the vehicle to flee.
Yates and Elliason contended that I struggled with Daniels, and Daniels
stated that he grabbed me around the neck and shoulders.
In substance those activities would be consistent with resisting, impeded,
opposing and interferring with the officers official duties.
But those facts do not satisfy § 111(b), use of a dangerous weapon.


1.

As stated by Officer Elliason on page 76:

(lines 9-11)

Officer Daniels grabs the man, and I come around the corner to control him, because what he's doing, he's going to try to escape us in the vehicle.

(lines 18-21)

Q: Are you grabbing him?
A: Yes, Sir. I had my hands on him along with Officer Daniels, because he was trying to get the car back in park because he was trying to escape from us.

I submit that this evidence does prove that I violated § 111(a), but DOES ~~those~~ not prove that I knowingly and intentionally used the automobile as a dangerous weapon to forcibly assualt the officers.
Officer Daniels stated that he really did not know how he got tangled up in the car as I drove off.
Furtheremore his testimony did not establish any direct evidence that I even knew he was riding along with me as I fled.
Daniels did not state that he yelled stop the car as he "allegedly" hung on. Nor was there evidence that I even saw him. I contend that had I tried to manuveur in a manner to dislodge him  n, looked at him to acknowledge he was attached to the vehicle but failed to stop, tried to head on run over a officer then of course the evidence would be that I intentionally used the vehicle as a dangerous weapon. to assault.
If you read page 20 of the jury charge you will see that the fifth element was that I voluntarily and deliberately assaulted the officers.
Below is a list of cases that were affirmed because each indivual actually tried to run a officer over in a car or truck.
Potter v. U.S. 691 F.2d 1275 (1982)
U.S. v. Montanaro, 362 F.2d 527 (1966)
U.S. v. Feola, 43 L.Ed. 2d 541
U.S. v. Cunningham, 509 F.2d 961, 963 (D.C. Cir. 1975)

In my opinion my actions as described by Officer Elliason shows my actual specific intent was only to flee arrest and not a specific intent to use

2.

the car as a dangerous  weapon to forcibly assault, etc.
The evidence is insufficient that I used the car intentionally as a
dangerous weapon. It could be viewed that my actions constituted reckless
endangerment, or even a crime that my conduct created the vehicle's
dangerousness, but it can not prove that my mens rea was to intentionally
use the car as a dangerous weapon.

### [ 2. The Jury Charge Was Inadequate. ]

I seek legal support from U.S. v. Schrader, 10 F.3d 1345 (8th Cir. 1993),
which states, "In prosecution for forcibly assaulting, resisting, opposing,
impeding, intimidating, or interfering with the federal officers engaged in
performance of official duties, district court erred in instructing jury
that adverb "forcibly" modified only verb "assault", and not other offense-
defining verbs in statue; error was not harmless, since defenses raised
made element of force crucial issue in case."
In Schrader counsel requested that the jury charge state that the Government
must prove beyond a reasonable doubt that the defendant, focibly assaulted,
forcibly resisited, forcibly impeded, forcibly intimidated, and forcibly
interfered.
The court did not agree and charged the jury with only focibly describing
assault.
I contend that the court should have sua sponte instructed the jury with
forcibly describing all the verbs in the statue.
The defendants in Schrader admitted that they ran when the officers tried
to apprehend them. And one defendant admitted that he pushed his hands
down when officers tried to handcuff him.
The court found in it's decision that , although there was some evidence
of an assault by each defendant, their actions could much more readily
be characterizec as "resisting, opposing, impeding, intimidating, or
interfering with" the tribal officers. But with the element of force
eliminated, the jury could have believed the defendant's explanation
and still have convicted them because they non-forcibly impeded or
resisted the tribal officers.

As cited therein Schrader, " Whether a person has opposed the efforts
of federal agents with sufficient force to [violate § 111] can thus be
a troublesome question of degree," U.S. v. Cunningham, 509 F.2d 961,
963 (D.C. Cir. 1975). Defendants contended that their confrontational
conduct was so minimal as to be outside the scope of § 111.

In my trial I testified that I fled arrest but did not struggle with the
officers. And although credibility is a question for the jury the record
shows that the defense did a thorough job of discrediting the officers.
Therefore it is possible that the jury believed my explanation and con-
victed me upon non-forcible conduct on count one.

Please review Page 20 Lines 9-21 of the jury instructions. You will note
that forcible was applied to assault four times, but never to any other
verb in the statue.

And on page 21 of the charge lines 6-13 the courts definition of forcible
is the same as in Schrader.

Also a mitigating factor arises in the fact that the jury sent a note to
the jury requesting further clarification upon their duty to find the
elements. And once again the court only describe assault with forcibly.
See pages 82-95.


[ 3. Improper Vouching.]

During closing arguments the Government repeatedly called officers honest,
truthful and credible. Also the A.U.S.A. insured to the jury that their
integrity was dependable. Pages 30-36, 59-60.

U.S. v. Garza, 608 F.2d 659, 662 (5th Cir. 1979)

U.S. v. Carroll, 26 F.3d 1380, 1387-90 (6th Cir. 1994)

U.S. v. Kerr, 981 F.2d 1050, 1052-54 (9th Cir. 1992)


[ 4. Juror Misconduct.]

In my trial the court instructed the jury not to ~~Go To~~ the crime scenes.
But this instruction was disobeyed by at least one and maybe two jurors.
It is my opinion that the court should have more thoroughly screened the
jurors. Instead of the perfunctionary order to disregard the extrinsic
evidence.And then the likewise vague question to the jury "can they
disregard it."

In U.S. v. Seeright, 978 F.2d 842, 849-50 (4th Cir. 1992), no prejudice
was presumed when a juror conducted own investigation of admitted evidence
and reported it to others because juror was dismissed, each juror

questioned, and none tainted by information."
I aver that had those circumstances occured in my case then there would
not have been any prejudice. The court should have individually screened
the jurors, found out who violated the instructions and dismissed that
juror. The reason why I contend this is because it is virtually impossible
for a juror to disregard evidence that he has independantly sought out.
A person can not just blank out his memory.




        Please seriously review these issues. Now that I have
gotten this in the mail I will dig up that case on the sentencing issue.
I also have a lead that you may be able to use to find out about this
issue that we are disputing.  The Fifth Circuit Case Meshack, 2000.
The defendant Meshack also had a son as a codefendant. His name was
Terrance Hodges, A.K.A. Gudda. Hodges did not prevail on appeal under
Apprendi because his sentence was within the 30 year maximum under 841
(b)(1)(C) for defendants with prior drug convictions. But check this out.
Hodges had 27 years of imprisonment and 10 years probation. After his
case was affirmed he mysteriously recieved with his opinion a separate
form advising him that his probation term was lowered to 3 years.
Therfore his possible 37 year if violated terms of judgement has been
modified to 30 years to coincide with the Maximum term allowed under
subsection (C) of 841. Hodges is here at Beaumont. And it was because of
this mysterious judgement modification that prompted the individual whom
researched and found a decision that showed that the entire prison term
through probation included cannot exceed the statutory maximum. The
Government responded just like the case that you provided me but the
court ruled infavor of the defendant. Maybe Meshack's docket sheet can
show you the changes in Hodges' sentencing factors. Or Hodges Judgement
after appeal. Can you find that information on your computer to show you
that I am not blowing wind and I will keep digging myself, thanks.

                                        Derek E. Arrington

EXHIBIT "C"                                    EXHIBIT "C"

EXHIBIT "C"                                    EXHIBIT "C"

Derrek — I do not believe that you have grounds or a procedural vehicle to challenge your 240-month sentence. The enclosed case supports Judge Robertson's reliance on USSG §5G1.2(d), which required the court to run the sentences consecutively because the guideline range (210-262) was greater than the statutory max. on each count.

On the other hand, your consecutive terms of supervised release appear to violate 18 USC §3624(e). You could file in the district court a motion to correct the error (arguing

that it arose from "oversight" under Federal Rule of Crim. Pro. 36) or once you are released, you could file a motion to modify your supervised release.

I wish you well.

Neil Jaffee

EXHIBIT "D"

EXHIBIT "D"

EXHIBIT "D"

EXHIBIT "D"



U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

*Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530*

October 12, 2011

Chief Judge Royce C. Lamberth
United States District Court for
  the District of Columbia
333 Constitution Avenue, N.W.
Room 2010 (Bryant)
Washington, D.C. 20001

Re: Derrek Arrington, Crim. No.00-159-01

Dear Chief Judge Lamberth:

On October 5, 2011, your chambers faxed a memorandum from the U.S. Probation Office in the above-captioned case, in which the Probation Office noted that the defendant had received consecutive terms of three years' supervised release on the two counts for which he was convicted. We have reviewed the memorandum, and the relevant case law, and agree with Probation that the terms of supervised release cannot run consecutively. See, e.g., 18 U.S.C. § 3624(e); United States v. Danser, 270 F.3d 451, 454 (7th Cir. 2001) ("Like our sister circuits who have dealt with this issue, we find that Section 3624(e) and the Sentencing Guidelines do no permit sentencing courts to impose consecutive terms of supervised release.") (citations omitted).

Accordingly, we do not oppose vacating the current terms of supervised release and running the terms concurrently, rather than consecutively, nunc pro tunc to May 18, 2011, the date on which this Court imposed sentence in this case.

Sincerely,

Robert D. Okun
Chief, Special Proceedings Division

cc:     Kathie J. McGill
        Senior U.S. Probation Officer
        333 Constitution Avenue, N.W.
        Washington, D.C. 20001

        Derrek E. Arrington
        Reg. No. 23386-016
        P.O. Box 5300
        FCI Victorville Medium I
        Adelanto, CA 92301

FILED
RECEIVED BY MAIL

AUG 1 2 2014

Superior Court of the
District of Columbia
Washington, D.C.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DERREK E. ARRINGTON
        Plaintiff,
vs.                                    C.A. No. 2014CA 004553 M

NEIL H. JAFFEE, Esq., et. al.
        Respondents.
_____/

## MOTION FOR APPOINTMENT OF COUNSEL

TO THE HONORABLE JUDGE  HERBERT B. DIXON JR.:

COMES NOW, Derrek E. Arrington ("Plaintiff"), pro se, and re-
spectfully moves this Honorable Court for Appointment of Counsel,
pursuant to LCcR 83.11(b)(3).  The plaintiff asserts the basis for
such motion is the following:

1.   The merits of plaintiff's case, if proved, would clearly
establish a violation in which he is due redress.  As one court
has put it, "[a]n attorney...is expected...to possess knowledge
of those plain and elementary principles of law which are common-
ly known by well-informmed attorneys, and to discover those addition-
al rules of law which, although not commonly known, may readily
be found by standard research techniques." **Smith v. Lewis**, 13
**Cal. 3d 349, 530 P.2d 589, 118 Cal. Rptr. 621 (1975)**; also see
"[a] lawyer shall provide competent representation to a client.
Competent representation requires the legal knowledge, skill,
thoroughness and preparation reasonably necessary for the repres-
entation." **ABA Rules of Professional Conduct 1.1.**  As such, and
on its face, this is a meritorious case.

2.   The ability of the indigent plaintiff to present his

- 1 -

COMPLETED

claim is hampered due to the fact that the plaintiff has no legal training, which is a factor that supports the appointment of counsel. Forbes v. Edgar, 112 F.3d 262, 264 (7th Cir. 1997); also see Parham v. Johnson, 126 F.3d 454, 460 (3rd Cir. 1997)("it may be difficult for indigent plaintiffs to understand the complex discovery rules" in investigating their claims). Furthermore, plaintiff lacks an education and is not an experience "jailhouse lawyer."

3.    Plaintiff has requested  that this case be tried before a jury, which supports the appointment of counsel. See Solis v. County of Los Angeles, 514 F.3d 946, 958 (9th Cir. 2008); also see Abdullah v. Bunter, 949 F.2d 1032, 1036 (8th Cir. 1991). And, as concerns this case, "issue[s] of qualified immunity, the related issue of damages, and possible trial on such issues would best be handled by an experienced attorney." see Vines v. Howard, 676 F. Supp. 608, 616 (E.D. Pa. 1987); cf. Anderson v. Recore, 317 F.3d 194, 196(2nd Cir. 2003)(appellate court appointed counsel and requested supplemental brief on issue of qualified immunity).

4.    Plaintiff also attests to the fact that he has sought to obtain counsel, and is doing so presently. See Gil v. Reed, 381 F.3d 649, 658 (7th Cir. 2004)("...[T]he threshold consideration in determining whether to appoint ocunsel is whether the inmate has attempted and failed to procure counsel on his own."; cf. McDonald v. Head Criminal Court Superisor Officer, 850 F.2d 121, 124 (2d Cir. 1988)(taking notice "that most indigent incarcerated prisoners do not in fact have the resources, knowledge and experience needed to find counsel willing to represent them without charge (or at best with the hope of a contingent payment in somed cases")).

- 2 -

5.    Lastly, Plaintiff would have the court note that he is currently incarcerated in the federal Bureau of Prisons, at the United States Penitentiary Canaan, in Waymart Pensylvania, and as such would be unable to appear, unless provided for and directed by this court, in any of the scheduled proceedings, e.g. the Initial Conference which is set for 9:30 am, Friday, October 31, 2014.

**WHEREFORE,** Derrek E. Arrington moves this Honorable Court to appoint counsel in the following civil proceedings.

**Respectfully submitted on this** 5th **day of** August       ,
2014.

Derrek Arrington

I, Derrek Arrington, do hereby declare that all the aforementioned is true and correct to the best of my knowledge, and under the penalty of perjury, pursuant to §1746.

Executed On: 8.5.14

Derrek Arrington

- 3 -

Form CA 1-B: Final Notice and Acknowledge for Service by Mail



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

DERREK E. ARRINGTON
_____
*Plaintiff(s)*

v.                                                  Case No: 2014 CA004553 _____

Federal Public Defenders Office, et al
_____
*Defendant(s)*

### FINAL NOTICE

To (insert name and address of the party to be served):
Federal Public Defenders Office
_____
13005 DUNHILL DRIVE
_____
FAIRFAX, VA 22030
_____

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

Our records indicate that on JULY 25, 2014 _____ (insert date), a Notice and Acknowledgment of Receipt of Summons, Complaint, and Initial Order ("Notice and Acknowledgment") was sent to you at this address. Pursuant to Rule 4(c)(4), a person who receives a Notice and Acknowledgement has 20 days to return it, thereby acknowledging and accepting service. You are being sent this Final Notice because 20 days have elapsed since the initial Notice and Acknowledgment was mailed, and the sender has not yet received a signed copy in the mail.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return this form to the sender within 5 days, you (or the other party on whose behalf you are being served) will be required to pay the costs of service by alternative method unless good cause is shown. "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property. While the cost of private service or process varies, it can often cost upwards of $250 to serve an individual. Service could be by U.S. Marshal, special process server or any other manner the court deems appropriate.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Final Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): AUGUST 15, 2014 _____.

_____                                  August 15, 2014 _____
*Signature*                                                  *Date of Signature*

1

Form CA 1-B: Final Notice and Acknowledge for Service by Mail

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address):  _____

_____

_____

_____      _____   _____
*Signature*                                   *Relationship to Defendant/Authority*   *Date of Signature*
                                              *to Receive Service*

2

Para pedir una traducción, llame al (202) 879-4828          如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction

Để có một bài dịch, hãy gọi (202) 879-4828          □□□□□ □□□□ □□□□□ (202) 879-4828 □□□□          번역을 원하시면, (202) 879-4828 로 전화주십시요

Form CA 1-B: Final Notice and Acknowledge for Service by Mail



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DERREK E. ARRINGTON
_____
_Plaintiff(s)_

v.                                        Case No: 2014 CA004553 _____

NEIL H. JAFFEE, ESQ., ET AL _____
_____
_Defendant(s)_

### FINAL NOTICE

To (insert name and address of the party to be served):
NEIL H. JAFFEE, ESQ. _____
13005 DUNHILL DRIVE _____
FAIRFAX, VA 22030 _____

_____

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

Our records indicate that on JULY 25, 2014 _____ (insert date), a Notice and Acknowledgment of Receipt of Summons, Complaint, and Initial Order ("Notice and Acknowledgment") was sent to you at this address. Pursuant to Rule 4(c)(4), a person who receives a Notice and Acknowledgement has 20 days to return it, thereby acknowledging and accepting service. You are being sent this Final Notice because 20 days have elapsed since the initial Notice and Acknowledgment was mailed, and the sender has not yet received a signed copy in the mail.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return this form to the sender within 5 days, you (or the other party on whose behalf you are being served) will be required to pay the costs of service by alternative method unless good cause is shown. "Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property. While the cost of private service or process varies, it can often cost upwards of $250 to serve an individual. Service could be by U.S. Marshal, special process server or any other manner the court deems appropriate.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Final Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date) AUGUST 15, 2014 _____ .

_____         August 15, 2014 _____
_Signature_                             _Date of Signature_

1

Para pedir una traducción, llame al (202) 879-4828          如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828          □□□□□ □□□□ □□□□□ (202) 879-4828 □□□□          번역을 원하시면, (202) 879-4828 로 전화주십시오

Form CA 1-B: Final Notice and Acknowledge for Service by Mail

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____

_____

_____

_____

_____       _____

*Signature*                    *Relationship to Defendant/Authority*   *Date of Signature*
                              *to Receive Service*

2

Para pedir una traducción, llame al (202) 879-4828          如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction

Để có một bài dịch, hãy gọi (202) 879-4828          □□□□□ □□□□ □□□□□ (202) 879-4828 □□□□          번역을 원하시면, (202) 879-4828 로 전화주십시요.

Form CA 1-A: Notice and Acknowledge for Service by Ma[...]



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

Derrek E. Arrington
_____
                    *Plaintiff(s)*

v.                                          Case No: 2014 CA 4553 M

Neil H. Jaffee Esq., et al.
_____
                    *Defendant(s)*

**NOTICE**

FILED
CIVIL ACTIONS BRANCH
AUG 18 2014
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

To (insert name and address of the party to be served):
Federal Public Defenders Office
625 Indiana Ave. N.W.
Suite 550
Washington, D.C. 20004

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 7/25/2014

*Adrienne J. Marsh*                          7/25/2014
_____                    _____
*Signature*                                  *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) A.J. KRANER _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): 625 INDIANA AVE, NW # 550 WASHINGTON DC 20004

A.J. KRANER                    FEDERAL PUBLIC DEFENDER      8.15.14
_____      FOR DIST. OF COLUMBIA        _____
*Signature*                    *Relationship to Defendant/Authority*    *Date of Signature*
                               *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828    如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828    ᐁ ᐊ ᐊ (202) 879-4828 ᐊᐁᐊ    번역을 원하시면, (202) 879-4828 로 전화주십시오

Case: 2014 CA 004553 M

Form CA I-A: Notice and Acknowledge ~~~~~~~ by Mail



**FILED**
CIVIL ACTIONS BRANCH
AUG 1 9 2014
Superior Court
of the District of Columbia
Washington, D.C.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Derrek E. Arrington
_____
            *Plaintiff(s)*

        v.                                    Case No: __2014 CA 4553 M__

Neil H. Jaffee Esq., et al.
_____
            *Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):

Neil H. Jaffee, Esquire
_____
13005 Dunhill Drive
_____
Fairfax, VA 22030
_____
_____

        The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

        You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

        If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

        If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

        This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 7/25/2014_____.

_Adrienne J. Marsh_____          _7/25/2014_____
*Signature*                                 *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

        I (print name) _Neil Jaffee_____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _13005 Dunhill Drive_
_Fairfax, VA 22030_

_Neil Jaffee_____   _Defendant_____   _8/15/14_____
*Signature*                      *Relationship to Defendant/Authority*   *Date of Signature*
                                 *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828        如需翻譯,請打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828        □□□□□ □□□□ □□□□ (202) 879-4828 □□□□        번역을 원하시면, (202) 879-4828 로 전화주십시요



