UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DERREK E. ARRINGTON,**<br><br>**Plaintiff,**<br><br>v.<br><br>**FEDERAL PUBLIC DEFENDER FOR THE DISTRICT OF COLUMBIA,** *et al.*,<br><br>**Defendants.** | Civil Action No. 14-1557 (JEB) |

**MEMORANDUM OPINION**

No one wants to spend twenty years in jail. Believing that such a term was improperly imposed on him in 2001, *pro se* Plaintiff Derrek Arrington has spent much of the intervening time seeking to overturn his sentence. As a variation on this theme, he now sues Neil Jaffee, the attorney who represented him on his direct appeal, and the Federal Public Defender, which employs Jaffee, for money damages. Arrington asserts that his counsel's failure to contest certain provisions of his sentence – one of which is concededly illegal – constituted legal malpractice and the intentional infliction of emotional distress. As Defendants correctly point out in their Motion to Dismiss, however, Plaintiff cannot overcome assorted legal impediments here, including the doctrine of *res judicata* and his failure to state a claim. The Court, consequently, will grant the Motion.

**I.    Background**

According to his Complaint, which must be presumed true for purposes of this Motion, after being convicted at trial, Arrington in 2001 received a "'general sentence' of 240 months for violations of 18 U.S.C. § 111(a) and (b), [assault on a police officer with a dangerous weapon,]

1

and 18 U.S.C. §§ 922(g) and 924(a)(2), [felon in possession of a firearm,] and two three-year terms of supervised release [running] consecutively to each other and to the 'general sentence' of 240 months." Compl., ¶ 8. "Neil Jaffee . . . was appointed to represent the plaintiff on his direct appeal." Id., ¶ 9. Although Arrington "presented . . . Jaffee with questions of law concerning the nature of his 'general sentence' and the consecutive nature of his supervised release," id., ¶ 11, the attorney did not raise either issue on appeal, and "plaintiff's convic[ti]on and sentence was affirmed." Id., ¶ 16.

Plaintiff asserts that Jaffee's appeal ignored two substantial flaws in his sentencing. First, a "general sentence" of 20 years is illegal because the two counts on which he was convicted each carry only ten-year maximums. See id., ¶ 22. (A general sentence is one in which specific terms for specific offenses are not discretely spelled out.) Second, supervised-release terms that run consecutively are also illegal. See id. Because Jaffee's appellate briefs did not mention either of these purported errors, despite Plaintiff's prodding, Arrington contends that he is liable for both legal malpractice and intentional infliction of emotional distress. See id. at 6-7. This is particularly true because, in 2009, Jaffee acknowledged to Arrington in writing that "your consecutive terms of supervised release appear to violate 18 U.S.C. § 3624(e)." Id., ¶ 18.

As this Court may, in considering a motion to dismiss, take judicial notice of court records in other matters, see Hudes v. Aetna Life Ins. Co., 806 F. Supp. 2d 180, 184 n.1 (D.D.C. 2011), some additional facts are worthy of mention. To begin, the docket of the original sentencing states: "Defendant sentenced to Two Hundred and Forty (240) months incarceration to run consecutively; followed by Three (3) years Supervised Release to run consecutively for a total of Six (6) years." United States v. Arrington, No. 00-159 D.D.C. (Entry of May 1, 2001). In its statement of reasons, however, the court there explained: "Statutory maximum is 240

months." Id., Judgment at 7.  Since his direct appeal was denied in 2002, Arrington has repeatedly sought to amend his sentence, see id., ECF Nos. 112-172, and he has also brought several different habeas claims.  See Mot. at 3 n.3 (listing cases).  None has been successful.

During the course of these post-conviction proceedings, Judge James Robertson, who had imposed the original sentence, issued a Memorandum Order clarifying his reasoning.  See No. 00-159, ECF No. 119.  He explained that, although he had erroneously believed that the statutory maximum for assault on a police officer with a deadly weapon was 20 years, it was in fact 10 years at the time of Arrington's offense.  See id. at 1.  "Yet," Judge Robertson continued, "Arrington's 240-month sentence was based on conviction for two separate offenses, and his argument that it was unlawful to sentence him to consecutive maximum terms on these separate counts is flawed."  Id.  "Arrington' s sentence was in fact driven by the Sentencing Guidelines," which dictated a range of 210-262 months, and the 240-month sentence was both within that range and, "as the Statement of Reasons notes, the statutory maximum for consecutive sentences under the two offenses of which Arrington was convicted."  Id. at 2.  In sum, "[t]he consecutive sentencing of which Arrington now complains was thus both authorized and directed by the Guidelines."  Id. at 3.  The Memorandum Order did not address the issue of consecutive terms of supervised release, which Plaintiff apparently became aware of only later on.

In further post-conviction proceedings in 2012, Judge Royce Lamberth, who had taken over the case from the now-retired Judge Robertson, addressed the supervised-release issue, which had been raised by Arrington's 2011 Motion to Amend the Judgment and Commitment Order.  See No. 00-159, ECF No. 142.  While acknowledging the potential merits of his argument, Judge Lamberth concluded that he was "without authority to correct the defendant's sentence."  Id., ECF No. 166 (Order) at 2.  He recommended that Arrington, after he serves one

year of supervised release, petition the court under 18 U.S.C. § 3583(e)(1) for relief from his six-year term, which could lead to a reduction to the permissible three years. See id. The Court of Appeals affirmed the decision this August in United States v. Arrington, 763 F.3d 17 (D.C. Cir. 2014).

Plaintiff, meanwhile, filed a civil action in 2012. He named as defendants the "United States Dept. of Justice et. al [sic]" and "Public Defenders Dept. Attorney Neil Jaffee et. al [sic]." Arrington v. U.S. Dept. of Justice, No. 12-1532 (D.D.C.), ECF No. 1 (Complaint) at 4. The docketing clerk interpreted this to mean he had sued three different defendants: DOJ, the Federal Public Defender, and Jaffee. See id., Docket Sheet. The judge to whom the case was assigned agreed: "The plaintiff is . . . suing the United States Department of Justice . . . , the Public Defender Department, and Public Defender Neil Jaffee . . . ." Id., ECF No. 5 (Memorandum Opinion) at 1. The suit asserted claims under 42 U.S.C. § 1983 in regard to an illegal sentence and also alleged that Jaffee's "incomp[e]tence and lack of knowledge . . . caused Plaintiff mental anguish and loss of liberty!" Compl. at 5.

Judge Reggie B. Walton dismissed the case *sua sponte* in November 2012 on the ground that Arrington had failed to state a claim upon which relief could be granted. See Mem. Op. at 2-3. Plaintiff appealed, see id., ECF No. 9 (Notice of Appeal), but the Court of Appeals dismissed the appeal for want of prosecution on May 7, 2013. See id., ECF No. 11 (Mandate of Court of Appeals).

Plaintiff then filed this suit in the District of Columbia Superior Court in July 2014, and Defendants thereafter removed the matter here and have now moved to dismiss.

4

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted."  When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented must be presumed to be true and should be construed liberally in the plaintiff's favor.  Leatherman v. Tarrant Cty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993).  Although notice-pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (internal quotation marks omitted).  A plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 555 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

While *res judicata* may be brought as "an affirmative defense that is generally pleaded in a defendant's answer, [it] is also properly brought in a pre-answer Rule 12(b)(6) motion when all relevant facts are shown by the court's own records, of which the court takes notice." Hemphill v. Kimberly-Clark Corp., 605 F. Supp. 2d 183, 186 (D.D.C. 2009) (internal quotation marks and citations omitted); see also Stanton v. D.C. Court of Appeals, 127 F.3d 72, 76-77 (D.C. Cir. 1997) (collecting cases allowing parties to assert *res judicata* on (12)(b)(6) motion). In addition, "[a] court may take judicial notice of public records from other proceedings."

Hemphill, 605 F. Supp 2d at 186 (citing Covad Comms. Co. v. Bell Atl. Corp., 407 F.3d 1220, 1222 (D.C. Cir. 2005); Does I through III v. District of Columbia, 238 F. Supp. 2d 212, 216-17 (D.D.C. 2002)).

**III.   Analysis**

In seeking dismissal here, Defendants articulate a number of rationales.  The Court need only address two: *res judicata* and failure to state a claim.

   A.   *Res Judicata*

 "Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction."  Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted).  The doctrine of *res judicata* "precludes the parties . . . from relitigating issues that were or could have been raised in that action."  Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)) (internal quotation marks and emphasis omitted).

There is no dispute here that the third prerequisite applies.  More specifically, there was a valid and final judgment in the 2012 litigation by the district court, which was affirmed by the Court of Appeals.  The questions, then, are whether that case involved the same claims as this one, whether the parties are the same, and whether the previous court was one of competent jurisdiction.

   1.  *Same Claims?*

As to the first, Arrington contends that the claims in the two suits are different since the 2012 one was "brought as a § 1983 action, whereas these [current] claims are brought under

6

common law tort." Opp. at 2. Yet the form of the causes of action is not dispositive. On the contrary, a "judgment bars any further claim based on the same 'nucleus of facts,' for 'it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.'" Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting Expert Elec., Inc. v. Levine, 554 F.2d 1227, 1234 (2d Cir. 1977)) (emphasis added). In order to determine whether factual events are part of the same transaction, a court must "determine[] pragmatically . . . whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Stanton v. Dist. of Columbia Ct. of Appeals, 127 F.3d 72, 78 (D.C. Cir. 1997) (citing Restatement (Second) of Judgments § 24(2) comment c (1982)) (internal quotation marks omitted).

With the question teed up in that fashion, there is no denying that the two suits are based on the same nucleus of facts. In the 2012 case, Arrington alleged that Jaffee's "incompetence and lack of knowledge" about the criminal statutes at play injured him. See No. 12-1532, Compl. at 5. In other words, Plaintiff alleged that he had received an illegal sentence because Jaffee either "conspire[ed] with the Dept. of Justice" or was not sufficiently knowledgeable to challenge the terms of incarceration. See id. Although his current suit is framed somewhat differently – *i.e.*, common-law claims for legal malpractice and intentional infliction of emotional distress, as opposed to constitutional claims under § 1983 – it plainly arises from the same actions and complains of the same conduct. See Apotex, Inc. v. FDA, 393 F.3d 210, 218 (D.C. Cir. 2004) (The plaintiff "is simply raising a new legal theory. This is precisely what is barred by *res judicata*."); see also Youngin's Auto Body v. Dist. of Columbia, 775 F. Supp. 2d 1, 7 (D.D.C. 2011) ("[F]or the purposes of claim preclusion, the legal theory upon which the

plaintiff relies is irrelevant; rather, the relevant inquiry is whether the plaintiff's claims arise out of the same common nucleus of facts.") (internal quotation marks omitted).

In addition, Plaintiff's common-law causes of action could have been brought in his 2012 suit. See SBC Commc'ns Inc. v. FCC, 407 F.3d 1223, 1230 (D.C. Cir. 2005) (claim preclusion, unlike issue preclusion, is intended "to prevent litigation of matters that should have been raised in an earlier suit") (internal quotation marks and citations omitted); see also Capitol Hill Grp. v. Pillsbury Winthrop Shaw Pittman, LLP, 574 F. Supp. 2d 143, 150 (D.D.C. 2008) ("Mere failure to discover viable arguments in support of a claim during previous litigation does not preclude the application of *res judicata*.") (emphasis added), aff'd, 569 F.3d 485 (D.C. Cir. 2009). Plaintiff's new legal theories, consequently, do not require the Court to revisit his attorney's conduct.

2. *Same Parties?*

As to the second question, Plaintiff argues that the parties are not identical inasmuch as his 2012 suit was against DOJ and Jaffee, while the current one targets Jaffee and FPD. See Opp. at 2. That raises an interesting factual dispute about whether the earlier case named just Jaffee or FPD as well. While the complaint there is arguably susceptible of either interpretation, the court certainly viewed it as naming both parties. See No. 12-1532, Docket Sheet & Mem. Op. at 1. This Court, fortunately, need not engage in this debate because even if FPD was not a party to the 2012 suit, the judgment there protects it here.

The proof for such a conclusion appears in three steps: First, *res judicata* bars a subsequent lawsuit "if there has been prior litigation . . . between the same parties or their privies." Smalls, 471 F.3d at 192. Second, this definition includes those parties whose liability is vicarious and depends entirely on the liability of another. See Saudi Arabia v. Nelson, 507

U.S. 349, 376 (1993) (citing Lawlor v. National Screen Service Corp., 349 U.S. 322, 330 (1955), for proposition that "defendants not party to a prior suit may invoke res judicata if their liability was . . . altogether dependent upon the culpability of the [prior] defendants," and 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 4463, p. 567 (1981), as recognizing general rule that "judgment in an action against either party to a vicarious liability relationship establishe[s] preclusion in favor of the other"). Third, Arrington is very clear that FPD's liability in this case is entirely vicarious and thus rests wholly on the doctrine of *respondeat superior*. See Compl., ¶ 19 & n.1.

Defendants, as a result, are correct that this question is answered in their favor.

### 3. *Court of Competent Jurisdiction?*

The last issue involving *res judicata* asks whether the earlier decision was rendered by a court of competent jurisdiction. Plaintiff's Opposition demonstrates that he misapprehends the inquiry. The question is not, as he believes, see Opp. at 3, whether the instant claims could have been brought in the previous forum, but merely whether that forum is a court of competent jurisdiction. It cannot be denied that the district court and court of appeals are such courts. In any event, even if Arrington's interpretation were right, the common-law claims could have been brought in this Court via either its diversity jurisdiction under 28 U.S.C. § 1332 or, if accompanying the § 1983 claims, its supplemental jurisdiction under 28 U.S.C. § 1367.

\*   \*   \*

As all four prerequisites of *res judicata* are thus satisfied, the Court agrees with Defendants that the case should be dismissed as claim precluded.

B. Failure to State a Claim

Arrington, moreover, faces another independent, yet similarly insuperable, barrier to success here – namely, he has failed to state a claim for relief under either of his theories: legal malpractice or intentional infliction of emotional distress (IIED). The Court considers each in turn.

1. *Legal Malpractice*

"A plaintiff alleging legal malpractice must establish the applicable standard of care, a breach of that standard, and a causal relationship between the violation and the harm complained of." Steele v. Salb, 93 A.3d 1277, 1281 (D.C. 2014) (internal quotation marks and citation omitted). On the third element, the Court must "determine whether the plaintiff would have prevailed in the underlying litigation in the absence of the attorney's alleged breach." Id. (citation omitted).

Plaintiff here complains that Jaffee neglected to challenge both the twenty-year sentence and the consecutive terms of supervised release. Yet, if Jaffee had raised the former on appeal and had succeeded in obtaining a new sentencing, Arrington still would not have received a lower sentence. This is because Judge Robertson, while acknowledging his earlier error in relation to the statutory maximum, nonetheless confirmed in 2009 that 20 years was the appropriate sentence: "Arrington's 240-month sentence was based on conviction for two separate offenses," and it "was in fact driven by the Sentencing Guidelines," which dictated a range of 210-262 months. See No. 00-159, ECF No. 119 at 1-2. The actual sentence, he pointed out, was both within that range and, "as the Statement of Reasons notes, [was] the statutory maximum for consecutive sentences under the two offenses of which Arrington was convicted." Id. at 2. Any failure by Jaffee to raise this issue on direct appeal is thus harmless.

As to the consecutive terms of supervised release, no one (including the U.S. Attorney's Office in the criminal case) believed such a sentence to be legally permissible. Yet, on this issue, too, Arrington must show an actual <u>injury</u>. The only way Plaintiff could suffer is if he actually has to serve consecutive terms. Yet this is exceedingly improbable. As Judge Lamberth noted in his decision, Plaintiff need only, after serving one year of supervised release, petition the court under 18 U.S.C. § 3583(e)(1) for relief. <u>See</u> No. 00-159, ECF No. 166 at 2; <u>see also</u> <u>Arrington</u>, 763 F.3d at 27 ("[I]n determining 'the interest of justice' after the completion of one year of supervised release, the district court may take into account the illegality of the second three-year term of Arrington's supervised release."). Given all of the parties' agreement that such relief would be appropriate, the Court must conclude that Arrington will receive it, thus rendering any future injury far too speculative for recovery here. <u>See</u> <u>Hilbroom v. PricewaterhouseCoopers LLP</u>, 17 A.3d 566, 573 (D.C. 2011) ("Our cases make clear, however, that [t]he mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm—not yet realized—does not suffice to create a cause of action for negligence.") (internal quotation marks and citation omitted).[1]

    2. *IIED*

If Arrington has not alleged a sufficient injury in his claim for legal malpractice, then he plainly cannot clear the higher hurdle that IIED presents. "To succeed on a claim of intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress." <u>Armstrong v. Thompson</u>, 80 A.3d 177, 189 (D.C. 2013) (internal quotation marks and citation omitted). Since Arrington has not suffered any concrete injury from Jaffee's

---

[1] One final caveat is in order: should Arrington, during his term of supervised release, not obtain relief under § 3583, the Court offers no opinion on whether some other appropriate challenge may lie.

11

failure to challenge to the 20-year sentence or the supervised-release terms, he cannot claim severe emotional distress therefrom.

In sum, even if Plaintiff's suit were not barred by the doctrine of *res judicata*, the Court would be forced to dismiss it for failure to state a claim.

## IV.     Conclusion

For the aforementioned reasons, the Court will grant Defendant's Motion to Dismiss and dismiss this case with prejudice.  A separate Order consistent with this Opinion will be issued this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  December 8, 2014